CARL L. CUTLER CO., INC.

v.

STATE PURCHASING AGENT and Transco Distributors.

Supreme Judicial Court of Maine.

Argued Jan. 12, 1984.

Decided Feb. 27, 1984.

Isaacson, Isaacson & Hark, Robert S. Hark (orally), Elliott L. Epstein, Lewiston, for plaintiff.

Cabanne Howard (orally), Paul F. Macri, Andre G. Janelle, Asst. Attys. Gen., Augusta, for State Purchasing Agent.

Lipman & Parks, P.A., Sumner H. Lipman, Augusta, for Transco Distributors.

Before McKUSICK, C.J., and NICHOLS, VIOLETTE, WATHEN, GLASSMAN and SCOLNIK, JJ.

GLASSMAN, Justice.

Carl L. Cutler Co., Inc., filed a complaint in the Superior Court, Androscoggin County, seeking relief from the decision of the State Purchasing Agent, Stuart Sabean, to award a state contract for the lease of photocopying machines to Transco Distributors rather than to Cutler.[1] Cutler subsequently moved for an evidentiary hearing and for leave to depose Sabean. The Superior Court denied Cutler's motions, affirmed Sabean's decision, and dismissed the complaint. On appeal to this court, Cutler contends it was entitled as a matter of law to a trial of the facts, and to conduct discovery, pursuant to 5 M.R.S.A. § 11006(1) (1979) and M.R.Civ.P. 80C, and the Superior Court erred in failing to find Sabean's decision arbitrary and capricious. We disagree, and affirm the judgment of the Superior Court.

I.

Title 5 M.R.S.A. § 1816(1) (1979) authorizes the State Purchasing Agent to "make purchases of services, supplies, materials and equipment needed by the State or any department or agency thereof by competitive bidding." Pursuant to this authority, on September 2, 1981, Stuart Sabean issued an invitation for bids from qualified vendors for the lease of photocopying equipment for state offices. The bid request form indicated the State's need would be approximately 608,000 copies per month, and the contract period would run one year, with an option for two additional years, to be exercised "upon mutual agreement."

Bidders were directed to give a "price per impression."

Cutler submitted a bid, giving its price at 2.4¢ per copy "for the first 600M impressions. 600M + impressions will be at 1.9¢ per impression." Cutler did not specify the brand or type of copiers it would supply, nor provide for any terms or cash discounts. Transco Distributors submitted two bids, number one for the lease of Savin 700 Series copiers, at 1.88¢ per copy, with a 20%/10-day cash discount, and number two for the lease of Savin 700 and 800 Series copiers, at 2.43¢ per copy, with a 20%/10-day cash discount.

On September 21, 1981, Sabean awarded the contract to Transco on its number two bid. In a letter sent to Cutler's attorney on October 8, 1981, Sabean explained that although the per copy price of the accepted bid was higher than either Cutler's bid or Transco's number one bid, it "was still the lowest price of the bids received, because of the additional capabilities offered by use of both the Savin 700 and 800 Series," and the 20%/10-day cash discount.

Cutler filed a complaint on October 20, 1981, in the Superior Court, pursuant to M.R.Civ.P. 80B and 5 M.R.S.A. § 11002(1), seeking judicial review of the administrator's action. The complaint alleged Sabean's decision to award the contract to Transco was affected by bias, and charged Sabean with abuse of discretion, and with having made his decision arbitrarily and capriciously.

The action lay dormant for nearly a year. On September 14, 1982, pursuant to Rule 80B(d), Cutler moved for a trial of the facts and for leave to depose Sabean.[2] An affi-

---

**1.** This proceeding was entitled "Carl L. Cutler Co., Inc. v. State of Maine and Transco Distributors" at all prior stages. We substitute State Purchasing Agent for the State of Maine. Since the State Purchasing Agent has the responsibility and authority, under 5 M.R.S.A. §§ 1811(1) & 1812 (1979 & Supp.1983–1984) to "purchase all services, supplies, materials and equipment required by the State Government," he is the proper party in a proceeding under the Administrative Procedure Act reviewing his de-

cision to make such a purchase. *See Sewall v. Spinney Creek Oyster Co.,* 421 A.2d 36, 38–39 (Me.1980); M.R.Civ.P. 25(d)(2).

**2.** At the time these motions were made, Rule 80B(d) required a plaintiff's motion for trial of the facts to be made within 40 days of the filing of the complaint. The time limit was clearly violated in this case, but apparently neither the parties nor the trial court was concerned with this violation.

davit submitted by Carl Cutler stated his "information and belief that Mr. Sabean is a social friend of Ed Gall, the principal of Transco." The court denied both motions on January 19, 1983. On March 18, 1983, Cutler moved for reconsideration[3] of its earlier motions, in light of the promulgation of M.R.Civ.P. 80C. The motion for reconsideration again alleged a "social relationship" existed between Stuart Sabean and Ed Gall. After hearing, the court denied the motion for reconsideration.[4]

A hearing on the merits of Cutler's complaint was held in the Superior Court on July 6, 1983. The record before the court consisted of the pleadings, the October 8, 1981 letter of explanation from Stuart Sabean, and a certification by Stuart Sabean of the record of the bid proceeding, including the invitation to bid, and the bids submitted. The July 13, 1983 order of the court affirmed Sabean's decision, denied Cutler's appeal, and dismissed the complaint. Cutler filed a timely appeal from the Superior Court's judgment affirming Sabean's decision and denying Cutler's motions for an evidentiary hearing and leave to conduct discovery.

## II.

We first address Cutler's contention that Sabean's decision to award the contract to Transco was arbitrary and capricious, and involved an abuse of discretion, requiring the court to reverse or modify the decision of the administrator pursuant to 5 M.R.S.A. § 11007(C)(6). Cutler argues Sabean interpreted its bid in an "unreasonable" manner, and in determining the "lowest responsible bidder," impermissibly considered the capabilities of the equipment Transco proposed to supply.

3. The motion for reconsideration must properly be viewed as a motion for relief from judgment, M.R.Civ.P. 60(b).

4. On June 29, 1983, Cutler filed a notice of appeal to this court from the denial of its motion for reconsideration. The State moved to dismiss the appeal, arguing the court's denial of

Cutler's bid quoted a price of 2.4¢ per copy "for the first 600M impressions. 600M + impressions will be at 1.9¢ per impression." The invitation to bid indicated the State's need to be approximately 608,-000 copies *per month*. Sabean interpreted Cutler's bid to mean the price would be 2.4¢ per copy for the first 600,000 copies *each month;* copies in excess of 600,000 each month would cost 1.9¢ each. Cutler contends it intended to charge 2.4¢ per copy only for the first 600,000 copies made for the duration of the lease. The Superior Court's opinion, with which we agree, stated:

> The Purchasing Agent's interpretation of [Cutler's] bid was logical and reasonable, in view of the fact that the estimate of copies of 608,000 was a monthly estimate, the billing was to be monthly, and the contract could have been extended for a total of 3 years. It certainly would not have made much sense to base a bid for up to 21,000,000 copies (if the contract was awarded and the 2 year extension option exercised) on a price change at 600,000 copies.

We review the administrative action in question to determine if it is "unreasonable, has no rational factual basis justifying the conclusion or lacks substantial support in the evidence." *Central Maine Power Co. v. Waterville Urban Renewal Authority,* 281 A.2d 233, 242 (Me.1971). We will not substitute our judgment for the administrator's where there may be a reasonable difference of opinion. *Seven Islands Land Co. v. Maine Land Use Regulation Commission,* 450 A.2d 475, 479 (Me. 1982). *See also Gulick v. Board of Environmental Protection,* 452 A.2d 1202, 1209 (Me. 1982). We agree with the Superior Court's finding that Sabean's interpretation of Cutler's bid was reasonable.

Cutler's motion was not an appealable final judgment. We ordered the parties to brief and argue the State's motion to dismiss the June 29th appeal in conjunction with the merits of the subsequent August 10th appeal. We dismiss the June 29, 1983 appeal as superfluous.

Cutler's contention that Sabean impermissibly considered the capabilities of the copiers Transco proposed to supply also lacks merit. Title 5 M.R.S.A. § 1816(7) lists the factors which the purchasing agent may properly consider in deciding which of submitted bids is lowest, and which bidder is therefore entitled to be awarded a contract:

> 7. *Awards to lowest bidder.* Except as otherwise provided by law, orders awarded or contracts made by the State Purchasing Agent or by any department or agency of the State Government shall be awarded to the lowest responsible bidder, *taking into consideration the qualities of the services, supplies, materials or equipment to be supplied,* their conformity with the specifications, the purposes for which they are required, the date of delivery and the ultimate cost thereof to the State, it being the intent and purpose, as previously stated, that the State Purchasing Agent shall purchase collectively all services, supplies, materials and equipment for the State or any department or agency thereof in a manner that will best secure the *greatest possible economy consistent with the grade or quality of the services, supplies, materials and equipment* best adapted for the purposes for which they are needed ....

(Emphasis added).

▮▮▮ This statutory language was echoed in the "Conditions and Instruction to Bidders" supplied by Sabean with the invitation to bid:

Awards will be made to the lowest responsible bidder, *considering the quality of the services, supplies, materials or equipment to be supplied,* their conformity with specifications, the purpose for which required, date of delivery, and ultimate cost thereof to the State; the intent being to purchase in a manner that will best secure the *greatest possible economy consistent with the grade or quality of services, supplies, materials and equipment* best adapted for the purpose for which needed.

(Emphasis added).[5] It is clear that the additional capabilities of the Savin 800 Series copier Transco proposed to supply could reasonably be taken into account by Sabean in determining which bid was actually the lowest. Since Sabean awarded the contract to the "lowest responsible bidder," he was not required by 5 M.R.S.A. § 1814,[6] as Cutler contends, to notify the Standardization Committee of his decision.

### III.

We next consider Cutler's contention that the Superior Court's failure to permit either a deposition of Sabean or an evidentiary hearing on the administrator's possible bias improperly prevented any discovery or presentation of evidence tending to show prejudice, and was error as a matter of law.

Title 5 M.R.S.A. § 11006(1) requires judicial review of administrative action to be "confined to the record upon which the agency decision was based," except in certain specified circumstances.[7] Cutler ar-

---

5. The list of conditions and instructions also stated: "Cash discounts are considered in determining low bidder."

6. 5 M.R.S.A. § 1814 (1979) provides, in pertinent part:

> In addition, whenever the State Purchasing Agent, after having received bids on a contract, awards the contract to anyone other than the lowest responsible bidder, shall notify the Standardization Committee. The Standardization Committee shall evaluate the reasons for that award in a written report.

7. 5 M.R.S.A. § 11006(1)(A) & (B) (1979) provides:

> § 11006. Power of court to correct or modify record
>
> 1. Review. Judicial review shall be confined to the record upon which the agency decision was based, except as otherwise provided by this section.
>
> A. In the case of the failure or refusal of an agency to act or of alleged irregularities in procedure before the agency which are not adequately revealed in the record, evidence thereon may be taken and determination made by the reviewing court.
>
> B. The reviewing court may order the taking of additional evidence before the agency if it finds that additional evidence, including evidence concerning alleged unconstitutional

gues he was entitled to conduct the deposition[8] and to have an evidentiary hearing because of his allegations that (1) Sabean's decision was affected by bias and (2) the record before the court was insufficient for meaningful judicial review of the administrator's action.

█ Carl Cutler alleged, in an affidavit in support of the plaintiff's motion for trial of the facts, that Sabean's decision was affected by bias. The only specific allegation made by Cutler, on information and belief, was that Sabean and the principal of Transco were "social friends." This assertion, without more, does not constitute a sufficient showing of prejudice to entitle Cutler to take the administrator's deposition.

In *Frye v. Inhabitants of Cumberland*, 464 A.2d 195 (Me.1983), the plaintiff police officer alleged bias on the part of the town manager who had discharged him, and sought to take his deposition. While we noted in *Frye* the Superior Court might appropriately have allowed a deposition within "certain limited areas" of inquiry, we upheld the denial of discovery on the basis that the appellant had failed to make a *prima facie* showing of misconduct. *Id.* at 200. We sustain the court's order denying discovery in the instant case on the same ground.

█ In *Frye* we recognized the general rule forbidding inquiry into the mental processes of an administrative decisionmaker. *Id.*, citing *Citizens To Preserve Overton Park, Inc. v. Volpe,* 401 U.S. 402, 420, 91 S.Ct. 814, 28 L.Ed.2d 136 (1971). *See also Brown v. Department of Manpower Affairs,* 426 A.2d 880, 884 (Me.1981). This general rule may be abrogated only when a showing of bad faith or improper behavior is strong enough to justify intrusion into the administrator's province. The requirement that the complainant adduce at least *prima facie* evidence of such impropriety serves to protect the administrator from "fishing expeditions" undertaken by any disappointed bidder.

Our decision to require a *prima facie* showing of the "alleged irregularities in procedure" before section 11006(1)(A) is triggered is mandated by the language of Rule 80C(e). Under that rule the party requesting the taking of additional evidence must file "a detailed statement, in the nature of an offer of proof, of the evidence intended to be taken .... That statement shall be sufficient to permit the court to make a proper determination as to whether the taking of additional evidence as presented in the motion and offer of proof is appropriate ...." We find Cutler's bare allegation, on information and belief, that Sabean and Transco's principal were "social friends" is not a sufficient showing to entitle Cutler to an evidentiary hearing and to conduct discovery of the administrator.

█ Equally unconvincing is Cutler's assertion that the record before the court was insufficient for meaningful judicial review of the administrator's decision. The remedy available to the court when the record is insufficient for judicial review is a

---

8. The entitlement to an evidentiary hearing under one of the exceptions to § 11006(1), triggers the discovery provisions of Rule 80C(j):

(j) Discovery. In a proceeding governed by this rule, discovery shall be allowed as in other civil actions when such discovery is relevant either to the subject matter involved in an evidentiary hearing to which the discovering party may be entitled or to that involved in an independent claim joined with a claim for review of governmental action as provided in subdivision (i) of this rule. No other discovery shall be allowed in proceedings governed by this rule except upon order of court for good cause shown.

takings of property, is necessary to deciding the petition for review; or if application is made to the reviewing court for leave to present additional evidence, and it is shown that the additional evidence is material to the issues presented in the review, and could not have been presented or was erroneously disallowed in proceedings before the agency. After taking the additional evidence, the agency may modify its findings and decisions, and shall file with the court, to become part of the record for review, the additional evidence and any new findings or decision.

remand to the agency for further findings or conclusions. 5 M.R.S.A. § 11007(4)(B). *Gashgai v. Board of Registration in Medicine,* 390 A.2d 1080, 1085 (Me.1978). The statute leaves it to the discretion of the court to determine whether additional evidence is necessary to decide the petition for review. 5 M.R.S.A. § 11006(1)(B). The Superior Court examined Sabean's letter of explanation, and was satisfied with its articulation of the reasons Transco's number two bid was found to be the "lowest overall." We find no abuse of discretion in the court's determination that the taking of additional evidence was unnecessary.

The entry is:

Judgment affirmed.

All concurring.