**Charles ALBERTSON**

v.

**TOWN OF MADISON.**

Supreme Judicial Court of Maine.

Argued Jan. 8, 1985.

Decided March 29, 1985.

Hyde, Day & Ferris, William Thomas Hyde (orally), Leroy S. Day, Madison, for plaintiff.

Eames & Sterns, Donald E. Eames (orally), Skowhegan, for defendant.

Before McKUSICK, C.J., and NICHOLS, ROBERTS, WATHEN, GLASSMAN, and SCOLNIK, JJ.

ROBERTS, Justice.

Charles Albertson appeals from a decision of the Superior Court, Somerset County, affirming the denial of Albertson's application pursuant to the Maine Hazardous Waste, Septage and Solid Waste Management Act, 38 M.R.S.A. §§ 1301–1370 (1978 & Pamph.1984), for approval of a septage disposal site by the Town of Madison.[1] Albertson contends that the court erred in

---

1. 38 M.R.S.A. § 1305(6) provides:

Each municipality shall provide for the disposal of all refuse, effluent, sludge and any other materials from all septic tanks and cess-
pools located within the municipality. In addition, any person may provide a site for disposal of septage. Before making application to the Department of Environmental Pro-

affirming the denial "in light of the evidence showing there was no hazard to the health and safety of the residents." Because the record demonstrates no error on the part of the town, we affirm the judgment.

Section 1305(6) of the act requires that each municipality provide for the disposal of, *inter alia,* effluent and sludge from septic tanks and cesspools. The section also permits private persons to provide sites for the disposal of septage subject to the approval of the Department of Environmental Protection (D.E.P.). In accordance with the statute, Charles Albertson, d/b/a Albertson Septic Tank Service, sought approval by the Town of Madison of a site on land owned by Charles Farrar on Route 43 in Madison. Albertson showed the site to Madison's Code Enforcement Officer (C.E.O.) and a representative of the D.E.P. prior to the administrative hearing that resulted in this appeal.

 Section 1305(6) also provides that before applying to the D.E.P. to establish a site for disposal of septage, the applicant must obtain approval from the municipality. That statute also requires that the municipality shall approve the site "if it finds that the site does not constitute a hazard to the health or safety of the residents of the municipality." Because the Superior Court acted in direct judicial review of the town's denial of Albertson's application, we review on appeal the record of the administrative proceeding without deference to the decision in the trial court. *Shackford & Gooch, Inc. v. Town of Kennebunk,* 486 A.2d 102, 104 (Me.1984); *Driscoll v. Gheewalla,* 441 A.2d 1023, 1026 (Me.1982). Albertson contends that the record demonstrates that the decision of the municipality was arbitrary and capricious.

As the applicant, Albertson had an obligation to present to the town sufficient

information from which the town might "find that the site does not constitute a hazard." From the record before us, it appears that the only information as to the nature of the site or the nature of activities proposed thereon consisted of the statement by the C.E.O. "that his inspection of the site revealed that there would be no hazards to health and safety, that it was a good site for [disposal of septage]." The C.E.O. also reported that a man from D.E.P. found the proposed site "was a good distance from any property owners and that it meets the criteria for disposal of waste on the land." No application, as such, appears in the record.

 The approval of the D.E.P. is a separate and distinct administrative step. The opinion of "a man from D.E.P." cannot, therefore, foreclose an independent determination on the part of the town. Likewise, the opinion of the C.E.O. is not binding upon "the municipal officers authorized to act for the municipality." Although we recognize that the selectmen probably are familiar with the site on Route 43 and its surroundings, the record is devoid of any helpful information enabling us to evaluate Albertson's application. In these circumstances we cannot say that the action of the town was arbitrary or capricious. *See Carl L. Cutler Co., Inc. v. State Purchasing Agent,* 472 A.2d 913, 916 (Me.1984); *Central Maine Power v. Waterville Urban Renewal Authority,* 281 A.2d 233, 242 (Me. 1971).

The entry is:

Judgment affirmed.

All concurring.

---

tection for approval of any site, that person shall first have written approval for the site location from the municipality in which it is located. The municipality or the municipal officers authorized to act for the municipality,

after hearing, shall approve any such private site if it finds that the site does not constitute a hazard to the health or safety of the residents of the municipality.