STATE OF MAINE

KNOX, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. AP-04-010
DHM - KNO - 12/21 2004

HILARY HARWOOD and
FRANK BRIDGES,

DEC 21 2004

        Plaintiffs

    v.

DECISION AND ORDER

TOWN OF CAMDEN and
WAYFARER PARTNERS, LLC,

        Defendants

DEC 29 2004

This matter is before the court on plaintiffs' motion for trial of the facts or remand. This case was initiated by a M.R. Civ. P. 80B complaint for review of governmental action in which the plaintiffs seek to overturn a decision of the Town of Camden Planning Board to issue a construction permit to defendant Wayfarer Partners, LLC. The record reveals that at a hearing before the Camden Planning Board on December 3, 2003, an opponent of the application made the following statement on the record:

> An interesting incident happened at an earlier hearing when somebody overheard one of the principals of Wayfarer after the meeting talking to one of the members of the Planning Board, and one asked the other what are we going to do about all the old people here; and the response was, let them name or select the color, that will make them happy. Well, believe me, it doesn't make me happy at all.

At the conclusion of the hearing, the following exchange took place between counsel for the plaintiffs and the Chairman of the Planning Board:

> Mr. Carver: Mr. Chairman may I ask the Chair to inquire of the gentleman who the planning board member was that had that conversation that he just disclosed with the principal and the applicant?
>
> Chairman: No.

Mr. Spaulding: I don't know about the plan.

Mr. Carver: I would just like to note for the record I think it may be important on issues of bias to know who that was if there was such a conversation. That's why I'm asking.

Plaintiffs complained that the Chairman of the Planning Board limited counsel's ability to make inquiry by requiring all questions to be directed through and subject to approval of the Chair. They complain that the failure to allow the plaintiffs' counsel to confront and examine a witness and obtain the information necessary to explore the issue of bias deprived them of a fair hearing, due process, and the right of confrontation, cross-examination and examination of witnesses thereby tainting the proceeding. In their detailed statement of facts to be adduced by a trial, plaintiffs suggest that the testimony of the witness as described raised issues concerning contact and conduct between a principal of defendant Wayfarer Partners and a member of the Planning Board outside of a public meeting. They allege that this raises the specter of improper contact or possible bias or interference which was compounded by the refusal of the Chair of the Planning Board to allow examination by plaintiffs' counsel.

Defendant Wayfarer Partners, LLC argues that plaintiffs' statement by way of offer of proof falls short of the requirement as it is predicated solely upon a "rumor." The Town of Camden complains that the offer of proof simply indicates double hearsay which would not be reliable in any event.

An applicant before an administrative board is entitled under the Due Process of the United States and Maine Constitutions to a fair and unbiased hearing. *Gorham v. Town of Cape Elizabeth*, 625 A.2d 898 (Me. 1993). The law requires judicial review of administrative action to be confined to the record upon which the agency decision was based except in certain specified circumstances. *Cutler v. Transco, et al.*, 472 A.2d 913 (Me. 1984). Our procedural rules require a party to file with a motion for trial of the

facts a detailed statement in the nature of an offer of proof of the evidence that the party intends to introduce at trial. The statement must be sufficient to permit the court to make a proper determination as to whether any trial of the facts as presented in the motion and offer of proof is appropriate under the rule and if so to what extent. *Ryan v. Town of Camden*, 582 A.2d 1973 (Me. 1990).

> The reviewing court may order the taking of additional evidence before the agency if it finds that additional evidence, including evidence concerning alleged unconstitutional takings of property, is necessary to decide the petition for review; or if application is made to the reviewing court for leave to present additional evidence and it is shown that the additional evidence is material to the issues presented in the review, and could not have been presented or was erroneously disallowed in proceedings before the agency.

5 M.R.S.A. § 11006(1)(B) as cited in *Cutler v. Transco*, 472 A.2d at 918.

Considering the argument by the plaintiffs that the failure [of the Chairman of the Planning Board] to allow plaintiffs' counsel to confront and examine a witness in obtaining information necessary to explore the issue of bias deprives the plaintiffs of a fair hearing, due process and the right of confrontation assumes facts that would establish such bias. Plaintiffs, in their pleadings, make it clear they simply wish to discover and determine whether the statement by the witness contained in the record has any basis in fact. This falls short of the requirement that the plaintiff make it clear that it has evidence which it wishes to bring before the court of that bias and violation of due process rights. Further, the statement taken by itself would not provide matters that would be particularly necessary to decide the petition for review or relevant to the substantial issues.[1]

---

[1] It is not clear to the court why plaintiffs could not conduct such investigation with the witness in question, an independent nonparty, to determine the source of his information and to otherwise investigate whether substantive evidence exists to show improper conduct by a member of the board.

The entry will be:

Defendants' motion for trial of facts or remand is DENIED; notice and briefing schedule dated May 6, 2004, is VACATED; it is hereby ORDERERD plaintiffs' brief is due 40 days after December 20, 2004, the defendants' brief is due 30 days after service of the brief by the plaintiffs, the plaintiffs has 14 days after service of the brief by defendants to file a reply brief.

Dated: December____ 20 ___, 2004

Donald H. Marden
Justice, Superior Court

Date Filed __5/3/04__     Knox     Docket No. __AP-04-010__

County

Action ___80B Appeal___

HILARY HARWOOD AND FRANK BRIDGES     TOWN OF CAMDEN

vs. and WAYFARER PARTNERS LLC

| Plaintiff's Attorney | Defendant's Attorney |
|---|---|
| John L. Carver, Esq.<br>10 Church St<br>Belfast ME 04915<br>338-5171 | Rendle A. Jones, Esq. (Wayfarer Partners<br>PO Box 190<br>Camden ME 04843    236-8836<br><br>William S. Kelly, Esq. (Town of Camden)<br>90 High St<br>Belfast ME 04915    338-2702 |

| Date of Entry | |
|---|---|
| 5/6/04 | On 5/3/04, 80B Appeal and Summary Sheet filed by Attorney Carver. |
| 5/6/04 | Notice and Briefing Scheduled mailed to Attorney Carver, Attorney William Kelly and Attorney Rendle Jones. |
| 5/11/04 | Defendant's Answer to Rule 80B Complaint filed by Attorney Jones. |
| 5/13/04 | Response to Rule 80B Complaint filed by Attorney Kelly. |
| 5/14/04 | Acknowledgment of Receipt of Summons and Complaint filed:<br>-William S. Kelly accepts service on behalf of the Town of Camden on 5/7/0<br>-Rendle Jones, Esq. accepts service on behalf of Wayfarer on 5/6/04. |
| 5/19/04 | Motion for Trial of Facts or Remand; Detailed Statement of Facts to be Adduced and Propose Order filed by Attorney Carver. |
| 5/26/04 | Letter to counsel informing them that pursuant to Rule 80B(d), the time limit contained in this rule shall cease to run due a the pending motion for trial.<br>Copy mailed to Attorneys Carver, Jones and Kelly. |
| 5/27/04 | Motion for Order Specifying Future Course of Proceeding and Proposed Order filed by Attorney Carver. |
| 6/2/04 | Defendant, Wayfarer Partner LLC Memorandum in Opposition to Plaintiffs' Motion for Trial of Facts or Remand and Affidavit of John Sanford filed by Attorney Jones. |
| 6/7/04 | Objection to Plaintiffs' Motion for Trial on the Facts filed by Attorney Kelly. |
| 6/11/04 | On 6/8/04, Motion to Establish New Briefing Schedule and/or to Extend the Time for Plaintiffs to File Plaintiffs' Brief and the Record filed by Attorney Carver. |