STATE OF MAINE

KENNEBEC, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. AP-07-07
DHM - KEN - 9/14/2007

ELAINE CONANT o/b/o
TIMOTHY CONANT,

     Petitioner

     v.

MAINE DEPARTMENT OF HEALTH
AND HUMAN SERVICES,

     Respondent

**DECISION AND ORDER**

DONALD ... :HT
LAW ...

JAN 2 4 2008

Petitioner, Elaine Conant ("petitioner"), on behalf of her adult son Timothy Conant, has petitioned for judicial review pursuant to M.R. Civ. P. Rule 80C of the Department of Health and Human Services' ("DHHS" or "respondent") final decision. Petitioner has also moved to supplement the record pursuant to M.R. Civ. P. Rule 80C(f) and 5 M.R.S.A. § 11006(1)(B).

The Commissioner of the DHHS issued a final decision on December 14, 2006 finding that there was a lack of convincing evidence that Timothy Conant was eligible for adult mental retardation services.

Timothy Conant is a 30-year-old man currently living in a street shelter in Portland. He obtains services from a social worker/mental health case manager. He was adopted at the age of 15 months by the petitioner. He was born prematurely, had hypoxia, and had multiple medical issues, including bronchopulmonary dysplasia and glaucoma. When he was discharged from the hospital at the age of 15 months, he still could not hold his head up and had a gastronomy tube. He had brain damage that delayed developmental milestones, and was in special education classes from early elementary school. At age 11, he was evaluated by the Developmental Evaluation

1

Clinic at Boston Children's hospital. His Verbal IQ was 86, his Performance IQ was 93, and Full Scale IQ was 89. The evaluation concluded that he was of Low Average Intellectual Potential with mild, but specific learning disabilities. Despite special education, Timothy had a "horrendous" year in 5th grade, his mother thus home schooled him for grades 6-9. He then entered vocational track in high school, graduating in 1996. After High School, Timothy who is legally blind, received support from the Bureau for the Blind and Visually impaired.

Conant has had a number of jobs, and has generally been able to meet the task requirements but has had difficulties with social interactions, both with supervisors and with fellow workers. He can show up for work on time, take an appropriate lunch hour, return willingly after lunch, and do the work at hand, but engages in disputes about leaving early, refusal to do work, and his entitlement to a higher wage.

Elaine Conant contends that Timothy seems oblivious to social norms, never thinks to ask about family members, use appropriate words of congratulations or empathy. Timothy is however able to participate in church social groups and activities, with some accommodations. Timothy displays some difficulties in understanding the proper interactions with girls and women. When he was 17 or 18, Timothy sent notes to 3 different girls in his church youth group professing his love for them. He has been engaged in sexual activities in situations revealing poor judgment including a situation in which he was involved in the legal system for unlawful sexual contact with a minor.

In 1998, when Timothy was almost 21, he was again evaluated. His Full Scale IQ was 78, Verbal IQ was 80, and performance IQ was 79. Timothy was reading at a 6th grade level and had math skills at a 4th grade level. His adaptive living skills were in the first percentile. The evaluating doctor concluded that Timothy had a depressive disorder, learning disability and would benefit from having a guardian. Timothy was

2

evaluated again in April of 2003 revealing similarly low IQ scores and was enrolled in a group home in Wisconsin but was discharged after 7 months, because of "repeated violations of rules and policies generally concerning interactions between male and female clients."

Timothy was again evaluated on October 2005 by a Dr. Zellinger whose evaluation demonstrated functioning in the Borderline Range of Intelligence. Timothy's cognitive skills were at a higher level than his adaptive behavior skills. On the General Adaptive Composite, Timothy scored a 62, an essentially similar result to his previous evaluations. Dr. Zellinger concluded that Timothy's social, emotional, and verbal difficulties were compatible with a diagnosis of Pervasive Developmental Disorder.

Based on its evaluation of the record and evaluations done by experienced medical professionals, DHHS concluded that there was not convincing evidence that Timothy met criteria for pervasive developmental disorder or that he had deficits in Adaptive Functioning more than two standard deviations below the mean in the developmental period.

Petitioner has brought both this appeal and a motion to supplement the record because it believes that the record as it currently exists is inadequate to allow for meaningful judicial review and would have this court remand the case to DHHS for further review.

When the decision of an administrative agency is appealed pursuant to M.R. Civ. P. 80C, this Court reviews the agency's decision directly for abuse of discretion, errors of law, or findings not supported by the evidence. *Centamore v. Dep't of Human Services*, 664 A.2d 369, 370 (Me. 1995). "An administrative decision will be sustained if, on the basis of the entire record before it, the agency could have fairly and reasonably found the facts as it did." *Seider v. Board of Exam'r of Psychologists*, 2000 ME 206 ¶ 9, 762 A.2d

3

551, 555 (Me. 2000) (citing *CWCO, Inc. v. Superintendent of Ins.*, 1997 ME 226, ¶ 6, 703 A.2d 1258, 1261 (Me. 1997)). In reviewing the decisions of an administrative agency, the Court should "not attempt to second-guess the agency on matters falling within its realm of expertise" and the Court's review is limited to "determining whether the agency's conclusions are unreasonable, unjust or unlawful in light of the record." *Imagineering v. Superintendent of Ins.*, 593 A.2d 1050, 1053 (Me. 1991). The focus on appeal is not whether the Court would have reached the same conclusion as the agency, but whether the record contains competent and substantial evidence that supports the result reached by the agency. *CWCO, Inc.*, 1997 ME 226, 703 A.2d 1258, 1261. "Inconsistent evidence will not render an agency decision unsupported." *Seider*, 762 A.2d 551 (citations omitted). The burden of proof rests with the party seeking to overturn the agency's decision, and that party must prove that no competent evidence supports the Board's decision. *Id.* "[Petitioner] must prove that no competent evidence supports the Board's decision and that the record compels a contrary conclusion." *Bischoff v. Board of Trustees*, 661 A.2d 167, 170 (Me. 1995).

Factual determinations must be sustained unless shown to be clearly erroneous. *Imagineering*, 593 A.2d at 1053 (noting that the Court recognizes no distinction between the clearly erroneous and substantial evidence in the record standards of review for factual determinations made by administrative agencies).

Petitioner seeks to supplement the administrative record with two affidavits. One affidavit from Elaine Conant, and another from Arthur P. Clum, an attorney employed by DHHS as a regional Advocate within the Office of Advocacy for consumers of the Department's mental health and mental retardation services. (Pet. Br. 6-8.) 5 M.R.S.A. § 11006 provides generally that, "Judicial review should be confined to

4

the record upon which the agency decision was based..." Limited exceptions exist however, in which the record may be supplemented.[1]

Petitioner, while not citing any of the statutory exceptions particularly, seems to ground her argument on the inadequacy of the administrative record. More particularly she focuses on the notion that the administrative record is incomplete as to the resolution of a "key dispute", whether hindsight allows for an appropriate PDD diagnosis. The key dispute centers around petitioner's largest problem with the DHHS' decision, the failure to adequately incorporate Dr. Zellinger's diagnosis. She alleges a few shortcomings in the administrative procedure and record that she argues preclude this court's meaningful judicial review: 1) due to gaps in the hearing record it is generally "difficult to make sense of the transcript"; 2) there is no listing of documents considered and it is thus difficult to understand which documents were considered by the hearing officer; and 3) failure of the hearing officer to rule on petitioner's objection to the inclusion of a report in the administrative record. Petitioner argues that these flaws render the administrative record insufficient and thus make remand to the agency to rectify these flaws appropriate.

In making this argument, petitioner relies on *Carrol v. Town of Rockport*, 2003 ME 135, ¶ 27-31, 837 A.2d 148, 156-157 (2003) and *Chapel Road Assoc. v. Town of Wells*, 2001

---

[1] Section 11006(1) provides the following relevant exceptions:
  A. In the case of the failure or refusal of an agency to act or of alleged irregularities in procedure before the agency which are not adequately revealed in the record, evidence thereon may be taken and determination made by the reviewing court.
  B. The reviewing court may order the taking of additional evidence before the agency if it finds that additional evidence, including evidence concerning the alleged unconstitutional takings of property, is necessary to deciding the petition for review; or if application is made to the reviewing court for leave to present additional evidence, and it is shown that the additional evidence is material to the issues presented in the review, and could not have been presented or was erroneously disallowed in proceedings before the agency. After taking the additional evidence the agency may modify its findings and decisions, and shall file with the court, to become part of the record for review, the additional evidence and any new findings or decision...

ME 178, ¶ 10, 787 A.2d 137, 140 (2001). Petitioner admits that these cases deal with a different problem, lack of factual findings sufficient to inform a court's review. However, petitioner argues that the flaws here are parallel and justify a similar result.

The crux of petitioner's complaint when separated from its reliance on the incompleteness of the record is that it would like to offer the Clum and Conant affidavits in order to demonstrate "reasonable belief" that the administrative record would be held open until the hearing officer, Dr. Freeman, sought an additional evaluation of Timothy. Petitioner argues that the belief that the administrative hearing would be held open precluded her from requesting an opportunity to submit additional evidence, and by relying on Dr. Freeman's statements regarding the hearing being held open she reasonably believed it was unnecessary to obtain additional evidence. Petitioner argues that admission of the Clum affidavit demonstrates the petitioner's reasonable belief that the hearing would be held open and that it required Dr. Freeman to notify the parties of her decision to *not* solicit further evidence and thus provide petitioner the opportunity to submit additional information in the interest of "administrative fair play." *Gashgai v. Board of Registration in Medicine*, 390 A.2d 1080, 1085 (Me. 1978). Thus petitioner would like the court to grant its motion to supplement the record with these affidavits in order to prove through those affidavits that there was a lack of fair play in the administrative proceedings.

When "administrative agencies are required to make findings of fact to support a decision, the findings must be adequate to indicate the basis for the decision and to allow a meaningful judicial review." *Carroll*, 2003 ME 135, ¶ 27, 837 A.2d at 156. The concern is that, "in the absence of such findings, a reviewing court cannot effectively determine if the agency's decision is supported by the evidence, and there is a danger of 'judicial usurpation of administrative functions.'" *Id.* (quoting *Gashgai*, 390 A.2d at

6

1085.) As demonstrated above, no risk seems to be present here. Though the administrative record is not a model of the type of record foreseen by 5 M.R.S.A. § 9059[2], it certainly doesn't require the court to weigh the veracity of multiple medical diagnoses and opinions, DHHS has already performed that function and it is apparent from the record.

Even if the motion to supplement is granted, the court would then have in addition to the administrative record the affidavits of Clum and Conant. Taken at their face value, these affidavits would demonstrate that there are some flaws with the administrative record and that there was a mistaken belief (perhaps a reasonably mistaken belief) that Dr. Freeman, the hearing officer would be convening a team of doctors to further research Timothy's condition. This does not prove that insufficient evidence existed to support the conclusions of DHHS. In the end it appears that petitioner has appealed because she is upset with the evidence prioritized by DHHS in its decision, and seeks to have further review because of that disagreement. Though petitioner notes that she was precluded from presenting more evidence, she does not demonstrate that such preclusion was essential to DHHS' decision or that its decision is not based on "substantial evidence." "A party seeking review of an agency's findings must prove they are unsupported by *any* competent evidence." *Maine Bankers Ass'n v. Bureau*, 684 A.2d 1304, 1306 (Me. 1996) (emphasis added). No such showing has occurred here.[3]

---

[2] "not a model" is certainly an understatement. The transcript is nearly bereft of substance as the word "inaudible" is used in the transcript more than use of words such as "the" and "and." The court certainly hopes that this is an anomaly for hearings conducted by DHHS.

[3] The place of administrative agencies in our constitutional system is to execute legislation enacted by the legislature subject to judicial review by the judiciary. Essential to judicial review and thereby assuring that the existence of administrative agencies such as DHHS is not repugnant to the constitution is that those agencies create a record. DHHS in this case comes dangerously close to reading deference afforded to administrative agencies as usurping the legislature's role in outlining the agency's authority and this court's legislatively granted authority to review its actions. 5 M.R.S.A. § 9059 does not exist so that the

7

The entry is :

        Petitioner's motion to supplement the record is DENIED; the final agency action of DHHS is AFFIRMED.


Dated: September___*19*___, 2007

                                Donald H. Marden
                                Justice, Superior Court

---

agency may keep records of its proceedings for posterity. 5 M.R.S.A. § 9059 exists so that agencies may exist in our constitutional system. Additionally, this court notes that while it has not chosen to do so in this case, "[t]he remedy available to the court when the record is insufficient for judicial review is a remand to the agency for further findings and conclusions." *Cutler v. State Purchasing Agent*, 472 A.2d 913, 918-919 (Me. 1984).

Date Filed ___1/16/07___ ___Kennebec___ Docket No. ___AP07-07___
County

Action ___Petition for Review___
80C

J. MARDEN

Elaine Conant obo Timothy Conant  vs.  Maine Department of Health & Human Service

| Plaintiff's Attorney | Defendant's Attorney |
|---|---|
| Thomas H. Kelley, Esq.<br>88 Federal Street<br>P.O. Box 547<br>Portland, Maine  04112 | Nancy Macirowski, AAG<br>6 State House Station<br>Augusta, ME  04333-0006 |

| Date of Entry | |
|---|---|
| 1/16/07 | Petition for Review of Adminstrative Action, filed. s/Kelley, Esq. |
| 1/30/07 | Letter entering appearance, filed.  s/Macirowski, AAG |
| 2/9/07 | Affidavit Re: Service of Process, and two certified mail receipts(unsigned), filed 2/8/07.  s/Kelley, Esq. |
| 2/15/07 | Motion To Extend Time For Filing Of Record, filed.  s/Macirowski, AAG<br>Proposed Order, filed. |
| 2/15/07 | Request For Hearing, filed.  s/Macirowski, AAG |
| 2/16/07 | ORDER, Marden, J.<br>Upon Motion of Respondent, Maine Department of Health and Human Services, it is hereby ORDERED that Respondent's Motion to Extend Time for Filing of Record is hereby GRANTED and that the schedule of further proceedings, including filings by the parties, it hereby extended for four weeks, such that the filing date of the record in this case shall be due no later than March 15, 2007.<br>The Clerk shall incorporate this Order on the Docket by reference.<br>SO ORDERED.<br>Copies mailed to attys. of record. |
| 3/15/07 | Certified Record, filed. s/Macirowski, AAG. |
| ———— | Notice of briefing schedule mailed to attys of record. |
| 4/17/07 | Motion for Leave to Extend Briefing Schedule, filed. s/Kelley, Esq.<br>Proposed Order, filed. |
| 4/19/07 | ORDER ON MOTION TO EXTEND, Marden, J.<br>The petitioner's brief shall be due on May 18, 2007.<br>Copies mailed to attys of record. |
| 5/18/07 | Brief of Petitioner, filed. s/Kelley, Esq.<br>Motion to Supplement the Record, filed. s/Kelley, Esq.<br>Affidavit of Elaine Conant, filed. s/Conant  s/Kelley, Esq.<br>Affidavit of Arthur P. Clum, filed. s/Conant  s/Kelley, Esq. |

| Date of Entry | | Docket No. _____ |
|---|---|---|
| 6/8/07 | DHHS'S Opposition to Motion to Supplement the Record, filed. s/ Macirowski, AAG | |
| 6/15/07 | Brief of Respondent, filed. s/Macirowski, Esq.<br>Certificate of Service, filed. s/Macirowski, Esq. | |
| 6/21/07 | Petitioner's Reply Brief, filed 6/20/07. s/Kelley, Esq.<br><br>Notice of setting for ___9/5/07___<br><br>Sent to attorneys of record. | |
| 9/6/07 | Oral arguments held on 9/5/07 with the Hon. Justice Donald Marden, presiding. No courtroom clerk<br>Thomas Kelley, Esq. for the Petitioner and Nancy Macirowski, AAG for the Respondent.<br>Court to take matter under advisement. | |
| 9/19/07 | DECISION AND ORDER, Marden, J.<br>Petitioner's motion to supplement the record is DENIED; the final agency action of DHHS is AFFIRMED.<br>Copies to attys. of record.<br>Copies to Donald Goss, Deborah Firestone and Garbrecht Law Library | |