STATE OF MAINE
YORK, SS.

SUPERIOR COURT
DOCKET NO. AP-12-023
JON -YOR- 10/4 2012

JAMES and PATRICIA HARTWELL, )
)
Plaintiffs, )
v. )
)
TOWN OF OGUNQUIT and )
WAYNE C. PERKINS, )
)
Defendants. )

ORDER

## BACKGROUND

Plaintiff appeals Defendant, Town of Ogunquit's, grant of site plan and design review for the redevelopment of Mr. Wayne C. Perkin's, Plaintiff's neighbor's, garage into "Perkins Cove Lobster Pound," a lobster pound. Plaintiff alleges that because the lobster pound was misclassified as a retail establishment rather than as a restaurant, the initial application was never completed and the site plan and design review should not have been granted. Plaintiff Moves for a Trial on the Facts in order to introduce evidence of the Perkins Cove Lobster Pound website and Facebook page, which list a menu and classify the lobster pound as a restaurant.

## DISCUSSION

Plaintiff moves for a Trial on the Facts pursuant to the Maine Rules of Civil Procedure 80B(d), which states in part:

"If the court finds on the motion that a party to a review of a government action is entitled to a trial of the facts, the court shall order a trial to permit the introduction of evidence that does not appear in the record of governmental action and that is not stipulated. Such a motion shall be filed within 30 days after the complaint is filed. The failure of a party to file said motion shall constitute a waiver of any right to a trial of the facts." Me. R. Civ. P. 80B(d)(2012).

1. Timing

Rule 80B(d) allows 30 days from the date of the filing of the complaint for the filing of a motion for trial of the facts. Plaintiff filed the Complaint on May 9, 2012. Plaintiff filed the Motion for Trial on the Facts on June 22, 2012. Thirty days from the filing of the Complaint was June 8, 2012. Plaintiff's filing of the Motion for Trial on the Facts was not timely. Plaintiff's motion is denied on this basis and on the basis that follow.

2. Introduction of Evidence not on the Record

In the review of governmental action pursuant to Maine Rule of Civil Procedure 80B, parties are generally constrained to the record as it was developed before the governmental agency. 5 M.R.S.A. § 11006(1)(2011). The exceptions to the general rule are § 11006(1)(A), allowing the Superior Court itself to take additional evidence in certain circumstances, and § 11006(1)(B), allowing remand to the agency to take additional evidence.

Section 11006(1)(A) states that the reviewing court itself may take additional evidence "[i]n the case of the failure or refusal of an agency to act or of alleged irregularities in procedure before the agency which are not adequately revealed in the record." To establish "irregularities in procedure," the moving party must present at least prima facie evidence of some impropriety on the agency's part, such as bad faith or improper behavior." Carl L. Cutler Co., Inc. v. State Purchasing Agent, 472 A.2d 913, 918 (Me. 1984). See also Strong Green Energy, LLC v. Geneva Wood Fuels, LLC, 2009 Me. Super. LEXIS 156, *5 (July 17, 2009) ("Procedural irregularity of the type contemplated by section 11006(1)(A) clearly encompasses some form of bad faith, bias, improper behavior, or other misconduct.") (citations omitted).

Plaintiff essentially argues that the new evidence found on the website and on the lobster pound's Facebook page is evidence that the Mr. Perkins misclassified the use of the space, therefor the initial application was never completed and the site plan and design

review should not have been granted. Plaintiff does not claim that the Planning Board made its decision in bad faith nor does Plaintiff allege any type of misconduct. Thus, Plaintiff's allegations do not meet the test for the taking of additional evidence by the Superior Court under § 11006(1)(A). Because Plaintiff's allegations do not meet the test for the taking of additional evidence by the Superior Court under § 11006(1)(A), Plaintiff is not entitled to a Trial of the Facts under 80B(d).

Further it was apparent at oral argument that regardless of how this use was described on Facebook, the use itself was the same as considered by the Planning Board.

For these reasons, the Court finds that the Plaintiff is not entitled to a Trial on the Facts under Rule 80B(d). Plaintiff's motion is denied.

The clerk may incorporate on the docket by reference.


10/4/12

DATE

SUPERIOR COURT JUSTICE

/s/ John H. O'Neil

ATTORNEYS FOR PLAINTIFF:
JOHN C BANNON ESQ
JOHN SHUMADINE ESQ
MURRAY PLUMB & MURRAY
PO BOX 9785
PORTLAND ME  04104-5085

ATTORNEY FOR DEFENDANT TOWN OF OGUNQUIT:
NATALIE BURNS ESQ
JENSEN BAIRD ET AL
PO BOX 4510
PORTLAND ME  04112

ATTORNEY FOR DEFENDANT WAYNE C. PERKINS:
DURWARD PARKINSON ESQ
BERGEN & PARKINSON, LLC
62 PORTLAND RD, SUITE 25
KENNEBUNK ME  04043

STATE OF MAINE                                    SUPERIOR COURT
YORK, SS.                                         DOCKET NO. AP-12-023

JAMES and PATRICIA HARTWELL,    )
                                )
            Plaintiffs,         )
      v.                        )        ORDER
                                )
TOWN OF OGUNQUIT and            )
WAYNE C. PERKINS,               )
                                )
            Defendants.         )


I.      BACKGROUND

       Plaintiff moves the Court to reconsider the Court's October 4, 2012 Order

denying Plaintiff's Motion for Trial on the Facts.

       Plaintiff appealed Defendant, Town of Ogunquit's, grant of site plan and

design review for the redevelopment of Mr. Wayne C. Perkin's, Plaintiff's neighbor's,

garage into "Perkins Cove Lobster Pound," a lobster pound on May 9, 2012. Plaintiff

alleged that Town of Ogunquit Planning Board should not have granted the site plan

and design review under the Town's Zoning Ordinance. Plaintiff moved the Court for

a Trial on the Facts in order to introduce evidence of the Perkins Cove Lobster

Pound website and Facebook page, which has listed a menu and classifies the

lobster pound as a restaurant arguing that had Mr. Perkins told the Planning Board

the same information that he later put on Facebook Mr. Perkins would not be

entitled to the approvals he has received. The Court denied Plaintiff's Motion on

October 4, 2012. Plaintiff now moves the Court for Reconsideration.

II.     DISCUSSION


1

Plaintiff moves for Reconsideration on two grounds. First, Plaintiff moves the Court to find that the Motion for Trial on the Facts was timely. Second, Plaintiff moves the Court to Reconsider the Court's October 4, 2012 Order and find that the law cited by the Court was not applicable to Plaintiff's Motion.

*Timeliness*

The Plaintiff moves the Court to find that the Motion for Trial on the Facts was timely. After review of the record, and agreement of the parties, the Court finds that Plaintiff's Motion for Trial on the Facts was timely.

*Trial on the Facts*

Plaintiff moves the Court to Reconsider the Court's October 4, 2012 Order and find that the law cited by the Court was not applicable to Plaintiff's Motion. Plaintiff cites 5 M.R.S.A. § 8002(2), which states that the Administrative Procedures Act (APA) is a law binding upon agencies, not upon municipalities. 5 M.R.S. § 8002(2) (2012). Plaintiff goes on to argue that if the Court does consider the APA, the Court should look to not only section 11006(1)(A), but also section 11006(1)(B), stating:

> The reviewing court may order the taking of additional evidence before the agency... if application is made to the reviewing court for leave to present additional evidence, and it is shown that the additional evidence is material to the issues presented in the review, and could not have been presented or was erroneously disallowed in proceedings before the agency.

5 M.R.S. §11006(1)(B) (2012).

To the extent that the Court relied upon the APA in making a determination, the Court relied upon the APA as a persuasive authority. In the absence of the APA, the rationale remains the same. Maine Rule of Civil Procedure 80B(d) states:

2

(d) Motion for Trial; Waiver. If the court finds on motion that a party to a review of governmental action is entitled to a trial of the facts, the court shall order a trial to permit the introduction of evidence that does not appear in the record of governmental action and that is not stipulated.... With the motion the moving party shall also file a detailed statement, in the nature of an offer of proof, of the evidence that the party intends to introduce at trial. That statement shall be sufficient to permit the court to make a proper determination as to whether any trial of the facts as presented in the motion and offer of proof is appropriate under this rule and if so to what extent. After hearing, the court shall issue an appropriate order specifying the future course of proceedings.

According to the Law Court in *Baker's Table, Inc. v. City of Portland*,

The purpose of Rule 80B(d) is to allow the parties to an appeal of a governmental action to augment the record presented to the reviewing court with those facts relevant to the court's appellate review of agency action. Rule 80B(d) is not intended to allow the reviewing court to retry the facts that were presented to the governmental decisionmaker, nor does it apply to any independent civil claims contained in the complaint. Rather, it is intended to allow the reviewing court to obtain facts not in the record that are necessary to the appeal before the court. *See Palesky v. Secretary of State*, 1998 ME 103, PP5-9, 711 A.2d 129, 131-132. For example, the complainant may augment the record if there are claims of ex parte communication or bias alleged, with sufficient particularity, to have had an effect on the fairness of the governmental proceedings, *see, e.g., White v. Town of Hollis*, 589 A.2d 46, 48 (Me. 1991) (holding Rule 80B(d) motion was properly denied because petitioner was not entitled to relief as a matter of law); *Ryan v. Town of Camden*, 582 A.2d 973, 975 (Me. 1990) (holding "vague allegations" of bias insufficient); *Carl L. Cutler Co. v. State Purchasing Agent*, 472 A.2d 913, 918 (Me. 1984) (holding "bare allegation" of "social friendship" insufficient). The record may also be supplemented if the government took action, reviewable by the court, in circumstances that did not allow for the making of a record. *See Moreau v. Town of Turner*, 661 A.2d 677, 679 (Me. 1995); *Palesky v. Town of Topsham*, 614 A.2d 1307, 1310 n.3 (Me. 1992); *Marxsen v. Board of Dirs., M.S.A.D. No. 5*, 591 A.2d 867, 871 (Me. 1991).

Baker's Table, Inc. v. City of Portland, 2000 ME 7, ¶ 9, 743 A.2d 237.

In the current case, Plaintiff moved the Court for a Trial on the Facts based upon the new evidence of the Perkins Cove Lobster Pound website and Facebook page, which list a menu and classify the lobster pound as a restaurant. The issue on appeal is whether the lobster pound was an allowed retail use under the provisions

3

of the Town's Zoning Ordinance or whether it should have been classified as a restaurant and therefore not permitted in its current zoning district. Plaintiff asserts that the website and Facebook page are relevant evidence not previously available because this evidence shows that Mr. Perkins is in fact operating a restaurant. Defendant argues that any characterizations of use made by Mr. Perkins after the Board has made its decision are not relevant to an appeal of the Board's decision. The Court determines, as it did in the October 4, 2012 Order, that regardless of how the use was described on Facebook, the use itself was the same as considered by the Planning Board. Plaintiff is not entitled to a retrying of the facts presented to the Board, and the Court finds that evidence of the Facebook page and website are not necessary for appeal.

III.   Conclusion

The Court DENIES Plaintiff's Motion for Trial on the Facts. In addition, the Court takes notice of the tolling of time limits once a Motion for Trial on the Facts is filed as stated in Me.R. Civ. P. 80(B)(d). The Court specifies the future course of the proceedings as follows: Plaintiff's Rule 80B brief shall be due 30 days after the date of this Order. Defendant's Rule 80B Brief and Plaintiff's Rule 80B Reply Brief shall be due in accordance with the ordinary time limits set forth in Me.R. Civ. P. 80B(g) for those briefs.

DATED:   2/25/13

_____
John O'Neil, Jr.
Justice, Superior Court

4

ATTORNEYS FOR PLAINTIFF:
JOHN C. BANNON ESQ
JOHN B. SHUMADINE, ESQ
MURRAY PLUMB & MURRAY
PO BOX 9785
PORTLAND ME  04104-5085


ATTORNEY FOR DEFENDANT TOWN OF OGUNQUIT:
NATALIE L BURNS ESQ
JENSEN BAIRD ET AL
PO BOX 4510
PORTLAND ME  04112

ATTORNEY FOR DEFENDANT WAYNE C. PERKINS:
DURWARD PARKINSON ESQ
BERGEN & PARKINSON LLC
62 PORTLAND ROAD, SUITE 25
KENNEBUNK ME  04043

STATE OF MAINE
YORK, SS.

SUPERIOR COURT
DOCKET NO. AP-12-023
~~JON-YOR - 10/2/2013~~

JAMES and PATRICIA HARTWELL,  )
                              )
            Plaintiffs,       )
      v.                      )            ORDER
                              )
TOWN OF OGUNQUIT and          )
WAYNE C. PERKINS,             )
                              )
            Defendants.       )

I.    Background

Plaintiff appeals Defendant, Town of Ogunquit's, grant of site plan and design review for the redevelopment of Mr. Wayne C. Perkin's, Plaintiff's neighbor's, garage into "Perkins Cove Lobster Pound," a lobster pound. Plaintiff alleges that because the lobster pound was misclassified as a retail establishment rather than as a restaurant, and because the proper administrative procedures were not followed, the site plan and design review should not have been granted.

II.   Standard of Review

The Court reviews a decision of a state agency solely for "whether the [agency] correctly applied the law and whether its fact findings are supported by any competent evidence." McPherson Timberlands, Inc. v. Unemployment Ins. Comm'n, 1998 ME 177, ¶ 6, 714 A.2d 818. The Court must affirm the agency's finding of fact unless they are clearly erroneous. 5 M.R.S. § 11007(3) (2011); Green v. Comm'r of the Dep't of Mental Health, 2001 ME 86, ¶ 9, 776 A.2d 612. Matters of law are determined *de novo* and the burden of persuasion is born by the party seeking to vacate the agency's decision.

1

H.E. Sargent, Inc. v Town of Wells, 676 A.2d 920, 923 (Me. 1996); Bizier v. Town of Turner, 2011 ME 116, ¶8, 32 A.3d 1048; Anderson v. Me. Pub. Employees Ret. Sys, 2009 ME 134, ¶3, 985 A.2d 501.

III. Discussion

A. Site Plan Review

Plaintiffs seek remand of the determination by the Board granting site plan and design review to Perkins Cove Lobster Pound on the basis that the Board did not comply with the procedures for site plan review as laid out in the Ogunquit Zoning Ordinance § 6.6 ("OZO"). Section 6.6 states that "all plans for Site Plan Review presented for approval under this section shall be ... accompanied by the following information, unless a submission waiver is granted, pursuant to procedure of sec. 4 below". OZO § 6.6(C)(3). In order for the Board to waive one of the listed submission requirements, the applicant must submit a written request for waiver and the Board must find "that strict compliance with the required application submissions would unduly burden the applicant or be excessive in light of the nature of the proposed structure or activity or where there are special circumstances of a particular plan." OZO § 6.6(C)(4). All written waiver requests must provide reasons for any requested waivers of submission requirements. OZO § 6.6(C)(5).

Perkins did not submit all of the required materials listed in section 6.6 with his application for site plan review. Perkins did not submit written waiver requests for those missing submissions. Therefore, the Board did not properly comply with the procedures of site plan review as laid out in section 6.6. Defendant argues that because the Board voted that some of the submissions were unnecessary, and because the Board voted that

2

the application was complete, the Court should find that there is sufficient evidence to conclude that the unfulfilled submission requirements were waived. The Court reviews the language of the code *de novo*.[1] The plain language of the Ordinance requires written requests for waiver by the applicant in order for the Board to find that a submission requirement is waived. As there were no written waiver requests on behalf of Perkins Cove Lobster Pound, the Court finds that the Board did not properly comply with the Zoning Ordinance and remands for further findings.

B. Design Review

Similarly, Plaintiff challenges the approval of the design review for Perkins Cove Lobster Pound in the absence of application submissions under OZO § 11.6. Like the requirements for site plan review, the Ordinance requires certain submissions. Unlike the requirements for site plan review, there is no option for the applicant to request waiver. The Court remands for further findings on the adequacy of Plaintiff Perkins' application for design review pursuant to OZO § 11.6(A)(2)-(4).

IV. Conclusion

The Court REMANDS the determination of the Ogunquit Planning Board for further findings on the adequacy of Defendant Wayne Perkin's application for site review for the Perkins Cove Lobster Pound.

DATE: 10/3/13

John O'Neil, Jr.
Justice, Superior Court

---

[1] The Court recognizes that it has been the longstanding practice of the Town not to enforce every submission requirement listed in Section 6.6 and not to require written waiver submissions, however, the Court reviews the law de novo. The Ordinance requires enforcement of every submission in the absence of a reasoned waiver request.

3

ATTORNEY FOR PLAINTIFFS':
JOHN C. BANNON, ESQ.
JOHN B. SHUMADINE, ESQ.
MURRAY PLUMB & MURRAY
75 PEARL STREET
PO BOX 9785
PORTLAND, ME 04104-5085

ATTORNEY FOR DEFENDANTS':
NATALIE L. BURNS, ESQ. (FOR: TOWN OF OGUNQUIT)
JENSEN, BAIRD, GARDNER, HENRY
TEN FREE STREET
PO BOX 4510
PORTLAND, ME 04112-4510

DURWARD PARKINSON, ESQ. (FOR: WAYNE C. PERKINS)
BERGEN & PARKINSON LLC
62 PORTLAND ROAD, SUITE 25
KENNEBUNK, ME 04043