**Arnold P. SMITH**

v.

**MAINE EMPLOYMENT SECURITY COMMISSION and City of Augusta.**

Supreme Judicial Court of Maine.

Argued Jan. 12, 1983.

Decided Feb. 14, 1983.

---

1. At no time has the defendant argued that these substances are not "drugs" within the scope of 29 M.R.S.A. § 1312.

Richard M. Goldman (orally), Downeast Law Offices, Augusta, for plaintiff.

James E. Tierney, Department of Manpower Affairs, Atty. Gen., Susan P. Herman, Asst. Atty. Gen. (orally), Linda B. Gifford (orally), Charles E. Moreshead, Augusta, for defendants.

Before McKUSICK, C.J., and GODFREY, ROBERTS, CARTER, VIOLETTE and WATHEN, JJ.

VIOLETTE, Justice.

Defendants, Maine Employment Security Commission and the City of Augusta, appeal from a judgment of the Superior Court, Kennebec County, which reversed a decision of the Employment Security Commission denying plaintiff, Arnold P. Smith, unemployment compensation benefits on the ground that he voluntarily left his employment without good cause, 26 M.R.S.A. § 1193(1)(A).[1] In reversing the Commission's decision, the Superior Court ruled: (1) the Commission applied an incorrect legal standard; and (2) the Commission's findings were unsupported by substantial evidence. On appeal, the defendants claim that both rulings by the Superior Court were erroneous. Plaintiff cross-appeals on the ground that the Superior Court erred by denying his motion for a remand to the Commission for the taking of additional evidence. We sustain defendants' appeal and deny plaintiff's cross-appeal.

I.

Except for a brief period of time during either 1970 or 1971 plaintiff was employed as a firefighter by the City of Augusta from March of 1964 until his resignation in March of 1980. During the last two years of his employment, the fire department's manpower was reduced from a level of 41

---

1. 26 M.R.S.A. § 1193(1)(A) provides in part that an individual shall be disqualified "[f]or the week in which he left his regular employ- ment voluntarily without good cause attributable to such employment . . . ."

firefighters and 12 line officers in 1978 to 24 firefighters and 7 line officers in 1980. In addition, the number of firefighters who responded to a fire was reduced from 9 in 1978 to 7 in 1980. Plaintiff's claim that he left work for good cause centers on his belief that this reduction in manpower increased the risk of physical injury, thus causing him to fear for his safety.

Several months after leaving work, plaintiff applied for unemployment compensation benefits, claiming he left work for the following reasons: (1) the reduction in firefighters caused him to fear for his safety; (2) the number of working hours; and (3) his unwillingness to work as an emergency medical technician. His claim was denied by a Deputy of the Department on the ground that the plaintiff left work voluntarily without good cause attributable to his employment. After an unsuccessful appeal to the Appeal Tribunal, plaintiff appealed to the Commission. Following a hearing, the Commission also denied plaintiff benefits on the ground that he left his employment without good cause attributable to such employment. As relevant to this appeal,[2] the Commission based its decision on the following reasons:

The claimant also asserted that he feared for his personal safety as a result of the reduction in the fire department's manpower. First, the Commission notes that firefighting is a very dangerous occupation. The claimant was undoubtedly aware of the inherent dangers in firefighting when he accepted the employment and certainly within the first few years of his employment. On the one hand, the Commission would not approve benefits to a firefighter where he decides to quit his job because he no longer is willing to accept the occupational hazards. On the other hand, the Commission would not deny benefits where it is shown that an employer has substantially

and unnecessarily increased the inherent risks to its employees.

In this case the record does not show that there was a substantial increase in the danger to the claimant's health or safety. Prior to 1978, nine firefighters usually responded to a box alarm. By 1980 that number was reduced to seven. Fifty years ago, when equipment, technology, and training were much less sophisticated, twenty firefighters may have responded to a fire with less efficiency and greater danger than seven do today. The record does not demonstrate that a reduction from nine firefighters to seven significantly increased the risk of injury to the claimant.

The facts that the claimant was often alone on a pumper and was first at the scene do not necessarily imply danger when he did not undertake to engage the fire before others arrived. The claimant contends that he sometimes entered a burning building alone, although he offered no specific details of any such incident. However, the employer contends that this was a violation of department policy. Such a policy would be expected. Yet the claimant did not allege that he was ever ordered to enter a building alone or that he ever questioned whether he should do so. It is not clear whether the claimant ever did enter a burning building but, if he did, it was apparently not with the approval of his employer and the claimant could easily have avoided such danger without jeopardizing his employment.

. . . . .

It is important to note that the claimant's asserted beliefs must be measured against a standard of reasonableness under all of the circumstances. The issue is not what the claimant subjectively believed but "... whether reasonable per-

**2.** Before the Commission, plaintiff also set forth the following reasons for his resigning: (1) his unwillingness to work as an emergency medical technician, and (2) the number of required work hours. The Commission found that neither of these reasons constituted good cause. On appeal to the Superior Court, plaintiff did not challenge these findings and he also does not challenge them on this appeal.

sons acting reasonably under similar circumstances would have held that belief and acted upon the basis of it." *Therrien v. MESC,* 370 A.2d 1385, 1391 (Me.1977).

The Commission finds that the claimant's belief was not reasonable considering all of the circumstances including the nature of his employment. . . .

Plaintiff appealed the Commission's decision to the Superior Court. On September 10, 1981, he moved pursuant to 5 M.R.S.A. § 11006(1)(B) to have the case remanded for the Commission to take additional evidence. This motion was denied on October 2, 1981. Subsequently, the Superior Court reversed the Commission's decision because: (1) the Commission applied an incorrect legal standard; and (2) the Commission's findings were unsupported by substantial evidence. Both defendants then appealed to this Court; plaintiff cross-appealed on the ground that the Superior Court erred by denying his motion to remand for the taking of additional evidence.

## II.

This case involves plaintiff's claim that the reduction in manpower increased the risks to his safety such that he had good cause to voluntarily leave his job. In *Therrien v. Maine Employment Security Commission,* 370 A.2d 1385, 1390 (Me.1977), we recognized that the Commission would be warranted in treating the resigning employee as leaving with good cause where he faces a change in his employment "to which he rationally believes he cannot or should not accomodate himself for reasons of physical or mental health. . . ." *See also Paige v. Maine Employment Security Commission,* 391 A.2d 321, 325 (Me.1978). When a claimant alleges that a change in working conditions caused him to resign, then according to *Therrien* the Commission must make the following determinations:

(1) what the claimant believed regarding the change in working conditions;

(2) whether the plaintiff left his employment because of that belief;

(3) whether the belief was reasonable; and

(4) if the belief was reasonable, then whether the belief constituted good cause under all the circumstances.

*Therrien,* 370 A.2d at 1391.

In denying plaintiff benefits on the ground that he voluntarily left his employment without good cause attributable to the employment, the Commission ended its decision by expressly applying the *Therrien* standard and concluding that plaintiff's belief was unreasonable considering all of the circumstances. However, at the Superior Court level, plaintiff argued, and the Superior Court ruled, that the Commission did not apply *Therrien,* but instead applied the following incorrect legal standard:

[T]he Commission notes that firefighting is a very dangerous occupation. The claimant was undoubtedly aware of the inherent dangers in firefighting when he accepted the employment and certainly within the first few years of his employment. On the one hand, the Commission would not approve benefits to a firefighter where he decides to quit his job because he no longer is willing to accept the occupational hazards. *On the other hand, the Commission would not deny benefits where it is shown that an employer has substantially and unnecessarily increased the inherent risks to its employees.* (emphasis added).

The Superior Court reasoned that, although the Commission stated it was applying *Therrien* at the end of its decision, "the bulk of its analysis was devoted to a discussion of whether the Plaintiff had proven a 'substantial increase' in the risks of his employment."

■ On appeal, plaintiff correctly points out that the above statement does not properly set forth the standard by which the Commission must determine whether he left work voluntarily with good cause. However, we agree with defendants that, read as a whole, the Commission applied the proper standard. In context, the Commission was merely noting a clear case in which

it would certainly not deny plaintiff benefits. In its decision, the Commission did not apply the statement in controversy as its benchmark to determine whether plaintiff qualified for benefits. Rather, the Commission expressly applied *Therrien* and concluded that plaintiff's belief was unreasonable under all the circumstances.

Plaintiff also argues that, even if the Commission did apply the *Therrien* standard, the Commission erroneously required the plaintiff to show that the employer substantially increased the inherent risks of his employment to prove the reasonableness of his belief. In *Therrien*, 370 A.2d at 1391, we further detailed the inquiry as to the reasonableness of a belief as follows: "[W]hether reasonable persons acting reasonably under similar circumstances would have held that belief and acted upon the basis of it." Plaintiff, therefore, correctly argues that the increase in risk did not necessarily have to be substantial to show that his belief was reasonable. However, we reject plaintiff's claim that the Commission required plaintiff to show a substantial increase of risk to prove the reasonableness of his belief in the instant case. Rather, reading the Commission's decision as a whole, it is apparent that, although the Commission analyzed whether the change in condition caused a significant increase in safety risks to the plaintiff, it did not require plaintiff to prove that there was in fact a substantial increase in the risks of his employment to prove the reasonableness of his belief. Since the plaintiff's belief must be measured against an objective standard of reasonableness under all the circumstances,[3] we conclude that the Commission properly considered the substantiality of the increase in safety risks in determining that

plaintiff's belief was unreasonable. Furthermore, the Commission's conclusion that plaintiff's belief was unreasonable did not rest solely on its finding that the risks had not increased substantially. Its conclusion rested also on its finding that the evidence did not support plaintiff's claims that he feared the possibility of being trapped alone in a burning building or fighting a fire alone. Accordingly, we conclude the Commission applied the correct legal standard in the instant case when it determined that plaintiff left his employment voluntarily without good cause attributable to his employment.

### III.

■ Plaintiff contends that, even if the Commission applied the correct legal standard, its findings are not supported by the record. There is no question that plaintiff believed the reduction in manpower increased the risk of personal injury and that this belief caused him to leave work. The key issue here is whether the record supports the Commission's conclusion that plaintiff's belief was unreasonable under all the circumstances.[4] This conclusion was based on the following key findings: (1) the record did not reveal a significant increase in risk of injury to plaintiff's health due to the manpower reduction which resulted in only seven rather than nine firefighters responding to a fire; (2) although plaintiff may have arrived at fires alone, he never began to engage a fire until others arrived; and (3) plaintiff was not required to enter burning buildings alone. We review whether there exists any competent evidence of record to support the findings of the Commission. *Shone v. Maine Employment Se-*

**3.** *Therrien v. Maine Employment Security Comm'n,* 370 A.2d 1385, 1391 (Me.1978).

**4.** Plaintiff also claims that the record does not support the Commission's conclusion "that [plaintiff] did not act reasonably in resigning his job without seeking alternative remedies." This finding, however, is not relevant to whether plaintiff's belief was reasonable. Rather, it bears on the fourth inquiry set forth by *Therrien,* 370 A.2d at 1391: "[I]f the belief ... is

found to have been reasonable, the Commission should determine whether, under all the circumstances, that belief would ... [constitute] good cause for quitting attributable to the employment ...." Because the Commission found plaintiff's belief was unreasonable, it did not have to go any further. Therefore, it is not necessary for us to review the Commission's conclusion on this point.

*curity Commission,* 441 A.2d 282, 284 (Me. 1982).

Plaintiff's testimony that, if he were the first to arrive at the scene of a fire, he would wait for others before engaging the fire, supports the Commission's finding that he never engaged a fire until others arrived. The Commission's finding that plaintiff was not required to enter burning buildings alone is supported by plaintiff's failure to show that he was required to do so and by a statement by Mr. Griffin, Director of the Department of Public Safety, that the department's policy prohibited firefighters from entering a burning building alone.[5] Furthermore, plaintiff could not remember or detail any specific time he entered a burning building alone and, therefore, the Commission would have been warranted in discrediting his bald statement that he had entered burning buildings alone.

Finally, the Commission's finding that the reduction in manpower did not create any significant increase in the risk of injury to plaintiff is supported by the evidence supporting the above two findings. Plaintiff believed the reduction in manpower increased the risk of injury because he might be trapped in a burning building alone or he might be forced to fight a fire alone. As noted above, the Commission found these beliefs to be unwarranted and, therefore, the evidence supporting these findings also supports the conclusion that plaintiff failed to show that the reduction in manpower significantly increased the risk of injury to himself.[6] Accordingly, we conclude that there is competent evidence in the record supporting the findings of the Commission and that these findings justify the Commission's conclusion that plaintiff left his employment without good cause.

### IV.

Plaintiff contends the Superior Court erroneously denied his motion pursuant to 5 M.R.S.A. § 11006(1)(B) to remand the case to the Commission to allow it to consider an investigative report of the Insurance Services Office of Maine (hereafter ISO) along with the accompanying cover letter. As relevant to the instant case, 5 M.R.S.A. § 11006(1)(B) provides:

> The reviewing court may order the taking of additional evidence before the agency ... if application is made to the reviewing court for leave to present additional evidence, and it is shown that the additional evidence is material to the issues presented in the review, and could not have been presented ... before the agency.

The statute thus sets forth the following two requirements which must be met before the Superior Court need consider whether it should remand the case to the Commission: (1) the evidence is material to

---

5. Mr. Griffin made this statement during the following colloquy that occurred while he cross-examined plaintiff:

> Mr. Griffin: There isn't a department policy that you are not to go into a burning building alone?
>
> [Plaintiff]: I don't think so. I've never read that.
>
> Mr. Griffin: Okay, it's my understanding that department policy is that you do not go into a building alone, that you always wait for somebody to go in with you, because of the fact it is unsafe to go in by yourself.

Mr. Griffin testified subsequent to that statement and, when asked whether he had any disagreements with plaintiff's testimony, he stated, "I think that in my cross-examination I covered most of those." The Superior Court ruled that Mr. Griffin's statement as to department policy was not testimony and, therefore, a finding of unreasonableness could not be based on the suggestion that plaintiff violated department policy by entering a burning building alone. The Superior Court erred on this point. The rules of evidence are not strictly followed in these proceedings. *See* 5 M.R.S.A. § 9057(1). The test is whether "it is the kind of evidence upon which reasonable persons are accustomed to rely in the conduct of serious affairs." 5 M.R.S.A. § 9057(2). We conclude that the statement in question by Mr. Griffin meets that standard under the circumstances of this case.

6. The Commission correctly placed the burden on the plaintiff to prove his belief was reasonable. *Kilmartin v. Maine Employment Security Comm'n,* 446 A.2d 412, 414 (Me.1982).

issues presented on review; and (2) it could not have been presented before the agency. We reject plaintiff's claim because the ISO report was not material to the issues presented on appeal.

The proffered evidence provided information material only to the reduction in manpower. The Commission, however, found that there had been a reduction in manpower. This finding was not questioned by either party on appeal. The only factual issue on appeal was whether the record supported the Commission's conclusion that plaintiff unreasonably believed that the reduction in manpower increased the risk of injury. The ISO report did not shed any light on that issue. In fact, the cover letter to the ISO report states, "This survey was not conducted for property loss prevention or life safety purposes, and no life safety or property loss prevention recommendations will be made." Therefore, because this report was not material to any issue presented for review, we conclude that the Superior Court properly denied plaintiff's motion to remand for the Commission to take additional evidence.

The judgment is:

Appeal sustained.

Cross-appeal denied. Judgment vacated.

Remanded to Superior Court for entry of an order affirming the decision of the Maine Employment Security Commission.

All concurring.