**J.S. KELLER**

v.

**MAINE UNEMPLOYMENT INSURANCE COMMISSION.**

Supreme Judicial Court of Maine.

Argued June 19, 1984.

Decided July 3, 1984.

J.S. Keller, pro se (orally).

James E. Tierney, Atty. Gen., Mary Lou Dyer (orally), Lendall Smith, Pamela W. Waite, Asst. Attys. Gen., Augusta, for Maine Employment Sec. Com'n.

Before McKUSICK, C.J., and NICHOLS, ROBERTS, WATHEN, GLASSMAN and SCOLNIK, JJ.

WATHEN, Justice.

Plaintiff appeals from the Superior Court order (Cumberland County) affirming the Commission's determination that plaintiff is ineligible for two weeks of unemployment compensation benefits. Plaintiff argues that because he relied on inaccurate information given by a Commission employee, the Commission should be estopped from declaring him ineligible solely because he acted on that misinformation. Plaintiff also urges us to hold that the Superior Court erred by denying his motion to present additional evidence to that court. We hold that the record contains insufficient evidence to support plaintiff's estoppel theory and, further, that the Superior Court did not err by denying plaintiff's motion. We affirm.

In August of 1979 plaintiff was receiving unemployment compensation benefits. He was required to report each Thursday to file his claim for benefits for the previous week. *See* 26 M.R.S.A. § 1192(1) & (2) (Supp.1983–1984) (eligibility dependent on filing claim in accordance with Commission regulations); Commission Rules, ch. 3.1(F)–(L) (effective August 3, 1981).

Due to the death of his father in Arizona, plaintiff left Maine on Friday, August 24, 1979. He returned to Maine on Friday, September 14, 1979, and on that same date he attempted to apply retroactively for 3 weeks of benefits. Because plaintiff had failed to report on 3 consecutive Thursdays (August 30, September 6 and September 13), a Commission deputy denied him benefits for the weeks ending August 25, September 1 and September 8.

Plaintiff appealed the deputy's decision to the Appeal Tribunal pursuant to 26 M.R.S.A. § 1194(2). After hearing, the Tribunal affirmed the deputy's decision. Pursuant to section 1194(3), plaintiff then appealed to the full Commission, which affirmed the Appeal Tribunal without hearing.

Plaintiff subsequently filed a petition in Superior Court for review of the Commission's decision. *See* 26 M.R.S.A. § 1194(8) and 5 M.R.S.A. § 11002 (1979). After hearing, the Superior Court denied plaintiff's appeal as to the weeks ending August 25 and September 1, but sustained his appeal as to the week ending September 8. The court relied on Commission Rule 3.1(L)(2) which permits retroactive filing by an otherwise qualified claimant "[i]f the claimant has good cause for his failure to make his claim on his assigned report day and files such claim within 7 days of such assigned report day." Plaintiff's retroactive filing

as to the week ending September 8 was made one day after his assigned report day. The Superior Court found that the good cause requirement was satisfied by the death of plaintiff's father and held that the Commission abused its discretion by disallowing benefits for that week. The Commission does not cross-appeal from this portion of the Superior Court order. Plaintiff, however, appeals from that portion of the order denying him benefits for the weeks ending August 25 and September 1.

I.

■ At the hearing before the Appeal Tribunal, plaintiff argued that he became ineligible for benefits because he relied on inaccurate information given by a Commission employee. Plaintiff testified that while he was in Arizona, he asked a friend back in Maine to call "the employment office" for him and explain that he was unable to report as usual. An unidentified Commission employee, he testified, told his friend that failure to report would be no problem under the circumstances. Plaintiff asserts that the Commission should be estopped from declaring him ineligible because he relied on the information given to his friend.

Evidentiary matters which arise in hearings before the Appeal Tribunal are governed by the Maine Administrative Procedures Act. 26 M.R.S.A. § 1194(8) (Supp. 1983–1984). The Act provides in relevant part that:

1. *Rules of privilege.* Unless otherwise provided by statute, agencies need not observe the rules of evidence observed by courts, but shall observe the rules of privilege recognized by law.

2. *Evidence.* Evidence shall be admitted if it is the kind of evidence upon which reasonable persons are accustomed to rely in the conduct of serious affairs. Agencies may exclude irrelevant or unduly repetitious evidence.

5 M.R.S.A. § 9057(1) & (2) (1979). Plaintiff's testimony regarding the phone conversation is not inadmissible on hearsay grounds because the Maine Rules of Evidence do not apply in administrative hearings; the issue is whether the double hearsay "is the kind of evidence upon which reasonable persons are accustomed to rely in the conduct of serious affairs."

The Commission employee with whom plaintiff's friend spoke was never identified and thus this person could not be called to testify about what she said during the phone conversation. Plaintiff's friend did not testify either. Moreover the record contains no suggestion as to the exact content of the inquiry made to the Commission employee. Plaintiff was not a witness to the critical conversation and thus his testimony, in the absence of any corroborating evidence, does not satisfy the requirements of 5 M.R.S.A. § 9057(2). *Cf. Heal v. Maine Employment Security Commission,* 447 A.2d 1223 (Me.1982) (unsworn statements containing hearsay from unidentified informants). This testimony was the only evidence introduced by plaintiff on his estoppel theory and the record contains no other evidence to support his estoppel argument.

Plaintiff concedes that he did not report on August 30th and September 6th. He was thus ineligible for benefits for the two weeks at issue. 26 M.R.S.A. § 1192(1) & (2). *See also McKenzie v. Maine Employment Security Commission,* 453 A.2d 505 (Me.1982) (claimant not entitled to benefits, even though mistakenly declared ineligible by Commission, where he failed to appeal that determination and failed to file weekly claims). Absent any admissible evidence to support plaintiff's estoppel theory, the Superior Court did not err by affirming the Commission's decision.

II.

■ Plaintiff filed a motion in Superior Court seeking permission to present evidence *to that court* regarding his friend's conversation. On appeal he argues that the denial of his motion constitutes error.

The general rule under the Maine Administrative Procedures Act is that "[j]udicial review shall be confined to the record upon which the agency decision was based." 5 M.R.S.A. § 11006(1) (1979). The Act creates an exception under certain circumstances and allows the court to order the taking of additional evidence *before the agency.*[1] The Act does not permit *the Superior Court justice* to take additional evidence during the appellate process. The denial of plaintiff's motion did not constitute error. Accordingly, we deny the appeal.

The entry shall be:

Judgment affirmed.

All concurring.

---

1. Section 11006(1)(B) provides in relevant part that:

> The reviewing court may order the taking of additional evidence before the agency ... if application is made to the reviewing court for leave to present additional evidence, and it is shown that the additional evidence is material to the issues presented in the review, and could not have been presented or was erroneously disallowed in proceedings before the agency.

Assuming, without deciding, that plaintiff's motion could be treated as a motion to present further evidence before the Appeal Tribunal, that motion was properly denied. Plaintiff made no showing that he could not have presented his evidence to the Tribunal at the original hearing, nor does the record support a finding that he was prevented from presenting such evidence. *Cf. Smith v. Maine Employment Security Commission,* 456 A.2d 2 (Me.1983) (motion properly denied where no showing that additional evidence was "material").