STATE OF MAINE

KENNEBEC, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. AP-08-15
JMJ - KEN - 2/*

FPL ENERGY MAINE HYDRO, LLC,

       Petitioner

       v.

STATE OF MAINE, BOARD OF
ENVIRONMENTAL PROTECTION,

       Respondent

**DECISION AND ORDER**

Before the court is petitioner's M.R. Civ. P. 80C(f) motion to modify the contents

of the agency-designated record, or in the alternative, a motion pursuant to M.R. Civ. P.

80C(d) to correct or modify the record. Additionally, petitioner moves the court for

leave to present additional evidence pursuant to M.R. Civ. P. 80C(e). The respondent,

Maine Board of Environmental Protection (BEP), and intervenors Verso Paper Corp.

(Verso)[1] and Rumford Paper Company (RPC) oppose petitioner's motion. For the

following reasons, the petitioner's motion is granted in part and denied in part.

<u>FACTS</u>

Petitioner filed an M.R. Civ. P. 80C petition on 3/7/08, seeking review of a

2/7/08 BEP order granting, with conditions, petitioner's Water Quality Certification

(WQC) for the continued operation of the Gulf Island-Deer Rips Hydro Project (Project).

Petitioner's Project consists of dams, impoundments, and other facilities located on the

Androscoggin River (the River). The instant motion raises the narrow issue of whether

specific documents should be added to the administrative record for consideration on

---

[1] Verso does not object to allowing the petitioner to supplement the record with the *pre-decisional* documents. (Verso Br. at 3 n. 2.)

appeal. Although it is premature to delve into the merits of the 80C petition at this juncture, some discussion is necessary to understand the context of the proffered evidence to determine whether it should be added to the record.

The BEP's order granting the WQC for petitioner's Project includes imposing a variety of conditions to assure its compliance with state water quality standards. See, e.g., 33 U.S.C. § 1341; S.D. Warren v. Bd. of Envtl. Prot., 2005 ME 27, ¶ 20, 868 A.2d 210, 217, aff'd, 547 U.S. 370 (2006). One of those conditions was to require the direct injection of oxygen into the River so as to achieve the minimum oxygen levels established by law.[2] To determine how much oxygen must be injected into the River to attain governing standards, the Department of Environmental Protection (DEP) staff conducted water quality modeling designed to identify the causes of oxygen depletion. Although there appears to be no dispute that petitioner's Project contributes to the low oxygen levels, the main issue before the BEP was how to apportion responsibility for this problem. Petitioner takes issue with modeling done by the DEP, which the BEP, at least in part, relied upon to make a determination of petitioner's responsibility for the low oxygen levels.

On 5/6/08, the BEP filed the record on appeal pursuant to M.R. Civ. P. 80C(f). Petitioner seeks to supplement the record with three types of evidence: 1) 10 documents that *pre-date* the BEP's decision under review, (see Pet'r Exs. 2(A)-2(J)); 2) 3 documents that *post-date* the BEP's decision, (see Pet'r Exs. 3(A)-3(C)); and 3) by conducting depositions of former and current DEP staff, and DEP consultants, HydroAnalysis, Inc. (See Pet'r Br. at 15-16.)

## DISCUSSION

---

[2] The BEP also imposed corresponding oxygen injection requirements on Verso and RPC, which operate mills on the River.

I. 10 pre-decisional documents: exhibits 2(A)-2(J)[3]

Prior to the BEP's 2/7/08 order, the petitioner obtained access to certain documents pursuant to Maine's Freedom of Access Act (FOAA),[4] which, petitioner contends, reflect the DEP's recognition of problems with its water quality modeling. Petitioner sought to supplement the record at the agency level to include these documents, but, by order dated 1/17/08, the BEP denied that request. Pursuant to Rule 80C(f),[5] petitioner now seeks to include ten of these documents to "establish that the Department was aware of the serious nature of those errors prior to the issuance of the Order," but chose not to remedy the errors despite adequate time and funding, "making the Order's reliance on that model for allocation purposes unconstitutional." (Pet'r Br. at 6.); see Columbia Falls Aluminum Co. v. EPA, 139 F.3d 914, 923 (D.C. Cir. 1998) ("[a]n agency's use of a model is arbitrary if that model 'bears no rational relationship to the reality it purports to represent'"). Petitioner contends that, because the BEP relied heavily on DEP staff, these documents constitute the "record upon which the agency decision was based," 5 M.R.S. § 11006 (2008), which the BEP should have filed with the court. Alternatively, petitioner argues that these documents establish "bias," driven by political pressure "from the highest ranks of the State Administration." (Pet'r Br. at 12.) Thus, petitioner seeks admission of these documents as "additional evidence of procedural irregularities not adequately revealed in the Record." M.R. Civ. P. 80C(e); 5 M.R.S. § 11006(1); (Pet'r R. Br. at 5 n.4.)

---

[3] In light of an 11/12/08 stipulation with the court, petitioner is not seeking to supplement the record with exhibit 2(J). Accordingly, petitioner's motion actually seeks to supplement the record with nine pre-decisional documents. (See Pet'r Exs. 2(A)-(I).)

[4] See 1 M.R.S. §§ 401-12 (2008).

[5] The party contesting the adequacy of the record is required to provide notice of the claimed defect to the *administrative agency* within ten days. York Hosp. v. Dep't of Health and Human Servs., 2005 ME 41, ¶ 15, 869 A.2d 729, 734 (explaining requirements of M.R. Civ. P. 80C(f)).

The respondent counters that documents contained in exhibits 2(B)-2(I) are evidence of the agency's deliberative process, which is not properly included in the record. See Carl L. Cutler Co. v. State Purchasing Agent, 472 A.2d 913, 918 (Me. 1984) (recognizing the "general rule forbidding inquiry into the mental processes of an administrative decisionmaker," but acknowledging an exception where a proper showing of bad faith or bias is made). Respondent further argues that exhibit 2(A), a 2005 Attorney General Report regarding the DEP's alleged violation of the FOAA, is immaterial. Petitioner maintains that this document is relevant to petitioner's contention that allocation for the responsibility of injecting oxygen was "a preordained result engineered by the [DEP] at the behest of Department-political forces to favor the interests of others at the expense" of petitioner. (Pet'r Offer of Proof at 1.)

Assessing the merits of petitioner's contention that the pre-decisional documents should have been part of the administrative record requires a review of the contested documents to determine "whether they were in the nature of documents that should have been included in the record forwarded by the administrative body." York Hosp. v. Dep't of Health and Human Servs., 2005 ME 41, ¶ 14, 869 A.2d 729, 733; M.R. Civ. P. 80C(f). Upon review, the court finds that these documents should be included in the record. Although clearly the BEP's order is the agency decision under review, the BEP's reliance on DEP staff for institutional support, technical services, and factual information reflect that the BEP's decision is partly based upon the DEP's collective knowledge. See, e.g., 38 M.R.S. § 342(11-A). Accordingly, the DEP correspondence contained in exhibits 2(b)-(I) constitute the "record upon which the agency decision is based." 5 M.R.S. § 11005. While inquiry into the mental impressions of agency

decision-makers is prohibited, the petitioner does not offer, and the court will not consider, these documents for this purpose.[6]

Finally, pursuant to Rule 80C(e), the court will accept exhibit 2(a) as evidence of "procedural irregularities not adequately revealed in the Record." 5 M.R.S. § 11006(1)(A).[7] The 16-page report describes alleged FOAA violations by the DEP in connection with certain negotiations relating to water quality on Gulf Island Pond. (See Pet'r Ex. 2(a).) Although the respondent argues that the report generally concludes that the DEP violated the FOAA unknowingly and recommends that no enforcement action be taken, the court cannot conclude that petitioner's offer of proof is so insufficient as to preclude petitioner the opportunity to argue the issue. As the BEP denied the admission of this document at the administrative level, the substance of the report is not otherwise adequately revealed in the record. Accordingly, because petitioner has presented sufficient prima facie evidence to trigger section 11006(1)(A), the court will accept this additional evidence into the administrative record. See Carl L. Cutler Co., 472 A.2d at 918 (Me. 1984) (discussing required prima facie showing of "alleged irregularities in procedure" before section 11006(1)(A) triggered).

II. Post-decisional documents (exhibits 3(a)-(c)) and proposed depositions

Pursuant to M.R. Civ. P. 80C(e), petitioner seeks to supplement the administrative record with post-decisional documents and depositions. (See Pet'r Br. 13-16.) The general rule under the Maine Administrative Procedures Act is that "judicial review shall be confined to the record upon which the agency decision was based." 5 M.R.S. § 11006(1); Keller v. Maine Unemployment Ins. Comm'n, 477 A.2d 1159, 1162 (Me. 1984).

---

[6] Without deciding, the court further notes that the communications petitioner seeks to introduce are from DEP staff, who may not be the actual agency "decision-makers." See 38 M.R.S. §§ 341-D(4), 341-B.
[7] Section 11006(1)(A) provides that "in the case of the failure or refusal of an agency to act or of alleged irregularities in procedure before the agency which are not adequately revealed in the record, evidence thereon may be taken and determination made by the reviewing court."

However, a party seeking judicial review pursuant to M.R. Civ. P. 80C may file a motion requesting "that the reviewing court take additional evidence or order the taking of additional evidence before an agency as provided by 5 M.R.S.A. § 11006(1)." M.R. Civ. P. 80C(e). Rule 80C(e) "is most appropriately asserted when there is evidence relevant to bias or prejudice, or, in some instances, an equitable defense or claim that could not have been addressed to the agency during the administrative proceedings." York Hosp., 2005 ME 41, ¶ 20, 869 A.2d at 735

Petitioner, relying on section 11006(1)(B), generally makes arguments relating to the proffered evidence's "materiality" and that fact that "it could not have been presented before the agency." See 5 M.R.S. § 11006(1)(B). Section 11006(1)(B), however, sets forth the two requirements "which must be met before the Superior Court need consider whether it should *remand the case to the [agency]*." Smith v. Maine Employment Sec. Comm'n, 456 A.2d 2, 7 (Me. 1983) (emphasis added). Thus, although the court may order *the agency* to take additional evidence, section 11006(1)(B) "does not permit the *Superior Court justice* to take additional evidence during the appellate process." Keller, 477 A.2d at 1162 (emphasis supplied). Consequently, to the extent petitioner asks this court to accept post-decisional evidence and testimony under section 11006(1)(B) in the first instance, petitioner's motion is denied.

Similarly, the proffered evidence does not merit remanding the case to the BEP to allow it to consider petitioner's post-decisional documents or granting leave to allow petitioner to conduct depositions of DEP staff. As an initial matter, using evidence that did not exist at the time the BEP made its decision to fairly review the BEP's decision runs completely counter to the purpose of Rule 80C review. See Walter O. Boswell Mem'l Hosp. v. Heckler, 749 F.2d 788, 792 (D.C. Cir. 1984) ("[t]o review more than the information before the Secretary at the time she made her decision risks our requiring

administrators to be prescient"); <u>Hale-Rice v. Maine State Ret. Sys.</u>, 1997 ME 64, ¶ 16, 691 A.2d 1232, 1237 (finding no abuse of discretion where Superior Court denied plaintiff's motion for additional evidence partly because "the psychological evaluation was prepared three months after the petition for judicial review was filed"). Such post-decisional evidence would, accordingly, appear to be immaterial to the issues presented on review of the BEP's order.

The court notes the particular difficulty in this case, with the seeming inherent conflict between the on-going nature of the developing science involved in water quality modeling and traditional 80C review, which requires a judicial assessment of the agency's decision based upon the data before the agency at the time the decision was made. Nevertheless, the court does not understand this peculiarity to alter the standard concept of Rule 80C review. This conclusion is bolstered by 38 M.R.S. § 341-D(3), which allows the BEP to revisit and modify the terms of any license based upon a subsequent change in condition or circumstance. Through this provision, the legislature has provided a mechanism by which the BEP should address evidence that may suggest the initial permitting decision was flawed. In light of the legislative scheme, subsequent documents that allegedly establish the extent of errors in water quality modeling are properly addressed through 38 M.R.S. § 341-D(3), rather than through remand pursuant to 5 M.R.S. § 11006(1)(B). Accordingly, petitioner's motion to remand for the BEP to take additional evidence is denied.

Finally, petitioner relies upon section 11006(1)(A) to argue that the post-decisional documents and proposed depositions establish "irregularities in procedure before the agency" because "the evidence establishes the extent of the errors in the underlying model, and therefore, that the [BEP's] reliance on the flawed model, despite knowledge of its flaws, was arbitrary and capricious." (Pet'r R. Br. at 6.) Although it appears that

the *court itself* may take additional evidence under this section, petitioner's allegations do not constitute the "irregularities in procedure" contemplated by section 11006(1)(A). Procedural irregularity of the type contemplated by section 11006(1)(A) clearly encompasses some form of bad faith, bias, improper behavior, or other misconduct. See, e.g., Carl L. Cutler Co., 472 A.2d at 918 (Me. 1984) (discussing required prima facie showing of "alleged irregularities in procedure" before section 11006(1)(A) is triggered in conjunction with explanation that prima facie evidence of bad faith be introduced prior to abrogating rule forbidding inquiry into mental processes); Frye v. Inhabitants of Cumberland, 464 A.2d 195, 199 (Me. 1983) (discussing the "more extreme case[s] of procedural irregularity"). While it is unclear that the phrase is so limited, equating "irregularities in procedure" with allegedly erroneous findings in an agency decision—as petitioner's proffered analysis compels—would effectively allow the court to take any evidence in the first instance, swallowing the general "agency-first" principle espoused by section 11006(1)(B). See also Christian Fellowship & Renewal Ctr. v. Town of Limington, 2006 ME 44, ¶ 40, 896 A.2d 287, 298 ("courts should avoid ruling, on appeal, on matters committed by law to the decision-making authority of an administrative agency before the administrative agency has first had an opportunity to review and decide the facts on the merits of the matter at issue"). Because petitioner has not presented prima facie evidence of bad faith or other arguable "irregularities in procedure,"[8] petitioner's motion is denied.

---

[8] Petitioner's allegation, in its Offer of Proof, that post-decisional documents establish that "the allocation of responsibility for oxygenation was a preordained result engineered by the Department at the behest of political considerations to favor the interests of others at the expense of FPL," does not meet this threshold requirement. Unlike exhibit 2(a), as discussed above, the documents themselves, at best, address the merits of the BEP decision, and indicate no evidence of bad faith or improper behavior. (See Pet'r Exs. 3(A)-3(C).)

The entry is:

> Petitioner's motion to modify the agency-designated record and present additional evidence to include documents contained in Exhibit 2 is GRANTED.

> Petitioner's motion to present additional evidence by supplementing the agency-designated record to include documents contained in Exhibit 3 and for leave to conduct depositions is DENIED.

February 9, 2009

Justice Joseph Jabar

**Attorneys for Petitioner**
Jack Montgomery, Bar #: 1822
Jeffrey A. Thaler, Bar #: 2062
Asha A. Echeverria, Bar #: 4165
Bernstein Shur
P.O. Box 9729, 100 Middle Street
Portland, ME 04104-5029

**Attorneys for Respondent, Maine Board of Environmental Protection**
Gerald D. Reid, Asst. Atty. Gen., Bar #: 8014
Office of Attorney General
6 State House Station
Augusta, Maine 04333

**Attorneys for Intervenor, Verso Paper Corp.**
Juliet T. Browne, Bar #: 8261
Scott D. Anderson, Bar #: 8969
Verrill Dana, LLP
One Portland Square
Portland, ME 04112

**Attorneys for Intervenor Rumford Paper Company**
Virginia E. Davis, Bar #: 1076
Michael Kaplan, Bar #: 3296
Preti Flaherty
One City Center
P.O. Box 9546
Portland, ME 04112-9546

Date Filed __3/7/08__ __KENNEBEC__ Docket No. __AP-08-15__
County

Action __RULE 80C APPEAL__

J. JABAR

__FPL ENERGY MAINE HYDRO, LLC__ vs. STATE OF MAINE, BOARD OF ENVIRONMENTAL PROTECTION

| Plaintiff's Attorney | Defendant's Attorney |
|---|---|
| JACK MONTGOMERY, ESQ. | JERRY REID, AAG |
| JEFFREY A. THALER, ESQ | 6 STATE HOUSE STATION |
| ASHA ECHEVERRIA, ESQ | AUGUSTA MAINE 04333-0006 |
| 100 MIDDLE ST, WEST TOWER | -VIRGINIA E DAVIS, ESQ  (Rumford Paper Co.) |
| PORTLAND, ME   04101 | MICHAEL KAPLAN, ESQ. |
| | ONE CITY CENTER |
| | P.O. BOX 9546 |
| | PORTLAND MAINE 04112-9546 |

| Date of Entry | | JULIET BROWNE, ESQ & SCOTT ANDERSON (Verso) PETER BRANN, ESQ. (Natural Resources Council |
|---|---|---|

| Date of Entry | |
|---|---|
| 3/7/08 | Complaint (Petition for Review of Final Agency Action Pursuant to Rule 80C) (Exhibits 1 - 6 attached) filed. |
| 3/17/08 | Joint Stipulation and Order Specifying Future Course of Proceedings, filed. s/Montgomery, Esq.  s/Reid, AAG |
| | Letter entering appearance, filed. s/Reid, AAG |
| 3/24/08 | Notice of Appearance, filed. s/Davis, Esq. |
| 3/27/08 | Notice of appearance of Juliet Browne and Scott Anderson for Verso Paper filed s/Juliet Browne, Esq. |
| 3/27/08 | Written Appearance of Natural REsources Council of Maine filed. s/Stitham, Es‹ |
| 3/31/08 | Joint stipulation filed. s/Echeverria, Esq. |
| 4/9/08 | JOINT STIPULATION AND ORDER SPECIFYING FUTURE COURSE OF PROCEEDINGS, Jabar, J. (4/8/08) Copy mailed to attorneys of record. |
| 5/9/08 | Certification of Record, filed. s/Reid, AAG   (5/7/08) |
| 6/4/08 | Joint Motion to Amend Stipulation and Order Specifying Future Course of Proceedings, filed. s/Reid, AAG Proposed Order, filed. |
| 6/11/08 | JOINT MOTION, Jabar, J.  (6/4/08) PURSUANT TO JOINT MOTION, IT IS SO ORDERED. Copies mailed to attys. of record. |
| 6/23/08 | Joint Motion to Stay Proceedings, filed. s/Meader, AAG |
| | ORDER TO STAY PROCEEDINGS, Jabar, J. (faxed to Penobscot) Copies to attys. of record. |
| 10/3/08 | Joint Stipulation and Order Specifying Future Course of Proceedings, filed. s/Montgomery, Esq.  s/Reid, AAG |

| Date of Entry | Docket No. _____ |
|---|---|

| | |
|---|---|
| 10/17/08 | JOINT STIPULATION, Jabar, J.<br>Pursuant to Stipulation, it is so Ordered.<br>Copies mailed to attys. of record. |
| 10/17/08 | Notice Upon Agency Regarding Exclusions from the Record, filed.<br>s/Montgomery, Esq. |
| 10/27/08 | First Amended Notice Upon Agency Regrding Exclusions from the Record,<br>filed. s/Thaler, Esq. |
| 10/29/08 | Petitioner's Motion for Modification of the Contents of the Agency-<br>Designated record under M.R.CIV.P. 80C(d) or (f), and for Leave<br>to Present Additional Evidence under M.R.CIV.P. 80C(e), with<br>Incorporated Memorandum of Law, filed. s/Montgomery, Esq. (attached exhbiit) |
| 11/5/08 | Consented to Motion to Exceed Page Limit, filed. s/Echeverria, Esq. |
| 11/12/08 | Joint Sipulation and Order Specifying Evidentiary Stipulation &<br>Additions to the Contents of the Agency-Designated Record, filed.<br>s/Echeverria, Esq. |
| 11/20/08 | Respondent Board of Environmental Protection's Memorandum in Opposition<br>to Petitioner's Motion to Modify the Record and for Leave to Prsent<br>Additional Evidence, filed. s/Reid, AAG |
| | Verso Paper Corp. Partial Opposition of the Contents of the Agency-<br>Designated Record and for Leave to Present Additional Evidence, filed.<br>s/Anderson, Esq. |
| | Rumford Paper Company's Opposition to Petitioner FPL Energy's Motion for<br>Modification and for Leave to Present Additional Evidence, filed.<br>s/Davis, Esq. |
| | Consented to Motion to Extend Deadline to File Reply Memorandum, filed.<br>s/Montgomery, Esq.<br>Proposed Order, filed. |
| 12/3/08 | ORDER GRANTING MOTIONFOR MODIFICATION OF THE CONTENTS OF THE AGENCY<br>DESIGNATED RECORD AND FOR LEAVE TO PRESENT ADDITIONAL EVIDENCE, Jabar, J.<br>(12/1/08)<br>Copies to attys. of record. |
| | ORDER, Jabar, J.<br>Consented to Motion to Exceed Page Limit is GRANTED.<br>Copies mailed to attys. of record. |
| | JOINT STIPULATION AND ORDER SPECIFYING EVIDENTIARY STIPULATIONS, Jabar, J.<br>(12/1/08)<br>Pursuant to Stipulation, it is so Ordered.<br>Copies mailed to attys. of record. |
| | ORDER, Jabar, J. (12/1/08)<br>GRANTED. IT IS HEREBY ORDERED: That Petitioner FPL Energy Maine Hydro,<br>LLC's deadline to file a Reply Memorandum to any Oppositions to its<br>Motion for the Modifications is hereby extended to December 9, 2008.<br>Copies mailed to attys. of record. |
| | Notice of setting for 1/9/09<br><br>sent to attorneys of record. |
| 12/9/08 | Petitioner's Reply to Memorandum in Opposition to Petitioner's Motion<br>to Modify the Record and for Leave to Present Additional Evidence,<br>filed. s/Echeverria, Esq. |

| Date of Entry | FPL Energy ME. Hydro vs Bd. of Environmental Protection    Docket No.    AP08-15 |
|---|---|
| 12/10/08 | Letter, filed. s/Reid, AAG |
| 12/11/08 | Letter, filed. s/Anderson, Esq. |
| | Letter, filed. s/Kaplan, Esq. |
| 1/8/09 | Hearing held with Hon. Justice Jabar, presiding. Jack Montgomery, Esq. for the Petitioner and Jerry Reid, AAG, Scott Anderson, Esq. and Michael Kaplan, Esq. for the Respondent. <br> Oral arguments made to the court. Court to take matter under advisement |
| 2/9/09 | DECISION AND ORDER, Jabar, J. <br> Petitioner's motion to modify the agency-designated record and present additional evidence to include documents contained in Exhibit 2 is GRANTED. <br> Petitioner's motion to present additional evidence by supplementing the agency-designated record to include documents conatined in Exhibit 3 and for leave to conduct depositions is DENIED. <br> Copies to attys. of record. <br> Copies to repositories. |