STATE OF MAINE                           SUPERIOR COURT
                                         CIVIL ACTION
KENNEBEC, ss.                            DOCKET NO. AP-09-03
                                         JMJ - KEN - 7/7/

STRONG GREEN ENERGY, LLC,

     Petitioner

    v.                                  **DECISION AND ORDER**

GENEVA WOOD FUELS, LLC,

     Licensee


Before the court is petitioner's motion, pursuant to 5 M.R.S. § 11006(1) and M.R. Civ. P. 80(C)(e), to conduct discovery and to take additional evidence. For the following reasons, the petitioner's motion is denied.

## FACTS

Petitioner filed an M.R. Civ. P. 80C petition seeking judicial review of a 12/18/08 Board of Environmental Protection (BEP) decision[1] affirming a Department of Environmental Protection (DEP) order approving the transfer of an air emission license from Geneva Energy Maine, LLC to Geneva Wood Fuels, LLC (Geneva). The basis for petitioner's Rule 80C appeal is that the DEP and BEP erred in finding that Geneva had legally sufficient title, right or interest in the underlying facility to apply for the license transfer. See Me. Dep't of Envtl. Prot., 06-096 CMR 115 § 6. The instant motion raises the narrow issue of whether certain evidence should be added to the administrative record for consideration on petitioner's Rule 80C appeal.

---

[1] Petitioner appealed the DEP order to the BEP pursuant to 38 M.R.S. §§ 341-D(4) and 341-D(3), respectively. The BEP addressed petitioner's appeals in separate decisions.

## DISCUSSION

Petitioner has moved, pursuant to 5 M.R.S. § 11006(1), to conduct discovery and take additional evidence. The general rule under the Maine Administrative Procedures Act is that "judicial review shall be confined to the record upon which the agency decision was based." 5 M.R.S § 11006(1); Keller v. Maine Unemployment Ins. Comm'n, 477 A.2d 1159, 1162 (Me. 1984). However, a party seeking judicial review pursuant to M.R. Civ. P. 80C may file a motion requesting "that the reviewing court take additional evidence or order the taking of additional evidence before an agency as provided by 5 M.R.S.A. § 11006(1)." M.R. Civ. P. 80C(e).

As an initial matter, however, the petitioner failed to provide a "detailed statement, in the nature of an offer of proof, of the evidence intended to be taken . . . sufficient to permit the court to make a proper determination as to whether the taking of additional evidence . . . is appropriate." M.R. Civ. P. 80C(e). As best as can be discerned from petitioner's motion, the petitioner seeks for the court to take additional evidence of unspecified "documents and testimony" which are "material and relevant to demonstrating the badges of fraudulent transfer." This offer of proof is simply insufficient to allow the court to determine whether the taking of additional evidence is appropriate.

Petitioner has also failed to specify whether it seeks the taking of additional evidence pursuant to 5 M.R.S. §§ 11006(1)(A) or (B). On either count, however, petitioner's motion fails.

I.  5 M.R.S. § 11006(1)(B)

Section 11006(1)(B) sets forth the two requirements "which must be met before the Superior Court need consider whether it should remand the case to the [agency].[2] Smith v. Me. Employment Sec. Comm'n, 456 A.2d 2, 7-8 (Me. 1983). The two requirements are: (1) the evidence is material to issues presented on review; and (2) the evidence could not have been presented before the agency. Id. Again, although it is unclear due to the lack of an offer of proof, petitioner appears to seek the introduction of evidence of an allegedly fraudulent transfer to Geneva, so as to undercut the BEP's finding that Geneva had legally sufficient "title, right or interest" in the underlying facility to apply for the air emissions license transfer. It appears from the record, however, that the petitioner presented evidence before the DEP and the BEP of its fraudulent transfer claims. Among the evidence admitted and noted in the BEP's decision were two complaints filed by petitioner against Geneva Energy, LLC and Geneva Wood Fuels, LLC in Franklin County Superior Court. It is unclear what additional relevant evidence petitioner seeks to introduce that it did not—and could not have—presented at the administrative level.[3]

## II.   5 M.R.S. § 11006(1)(A)

Section 11006(1)(A) allows a court to take evidence of "irregularities in procedure before the agency."[4]   Procedural irregularity of the type contemplated by section

---

[2] Although the Court may order *the agency* to take additional evidence, the statute "does not permit the *Superior Court justice* to take additional evidence during the appellate process." Keller, 477 A.2d at 1162 (emphasis supplied).

[3] Without addressing the merits of the 80C petition, the court notes that a pending action, such as the petitioner's claim of "fraudulent transfer," does not necessarily deprive an license applicant, such as Geneva, of sufficient "title, right or interest." See Southridge Corp. v. Bd. of Envtl. Prot., 655 A.2d 345, 348 (Me. 1995) (unadjudicated claim of adverse possession sufficient to confer applicant administrative standing); see also Murray v. Town of Lincolnville, 462 A.2d 40, 43 (Me. 1983). Indeed, should it be determined that petitioner's fraud claims have merit, Geneva's license might later be revoked. Id. Accordingly, evidence of an alleged fraudulent transfer is a distinct, though arguably relevant, issue from merits of petitioner's 80C petition.

[4] Section 11006(1)(A) provides that "in the case of the failure or refusal of an agency to act or of alleged irregularities in procedure before the agency which are not adequately revealed in the record, evidence thereon may be taken and determination made by the reviewing court." 5 M.R.S. § 11006(1)(A).

11006(1)(A) clearly encompasses some form of bad faith, bias, improper behavior, or other misconduct. See, e.g., Carl L. Cutler Co. v. State Purchasing Agent, 472 A.2d 913, 918 (Me. 1984) (discussing required prima facie showing of "alleged irregularities in procedure," such as bad faith or improper behavior, before section 11006(1)(A) is triggered); Frye v. Inhabitants of Cumberland, 464 A.2d 195, 199 (Me. 1983) (discussing the "more extreme case[s] of procedural irregularity"). Petitioner alleges nothing that could be construed as an "irregularity" in procedure before the BEP or DEP. Because petitioner has not presented prima facie evidence of bad faith or other arguable "irregularities in procedure," petitioner's motion, to the extent it is premised upon 5 M.R.S. § 11006(1)(A) is denied.[5]

The entry is:

> Petitioner's motion to conduct discovery and present additional evidence is DENIED.

July 1?, 2009

Justice Joseph Jabar

---

[5] Petitioner has objected to Geneva's motion for enlargement of time to file appearance, arguing that Geneva's position paper and appearance must be struck from the docket as untimely. Surrounding this issue are concerns about Geneva as a "necessary party," see Centamore v. Commissioner, Department of Human Services, 634 A.2d 950, 951-52 (Me. 1993) and the court's authority to enlarge a statutorily prescribed time period, see Reed v. Halperin, 393 A.2d 160, 162 (Me. 1978). Because counsel for Geneva was not present for the hearing on petitioner's motion to take additional evidence, the court reserves consideration of this issue for a later date.

**Attorneys for Petitioner**
Stephean C. Chute, Bar # 6828
P.O. Box 707
South Casco, ME 04077

**Attorneys for Respondent, Maine Board of Environmental Protection**
Gerald D. Reid, Asst. Atty. Gen., Bar #: 8014
Office of Attorney General
6 State House Station
Augusta, Maine 04333

**Attorneys for Geneva Wood Fuels, LLC**
David M. Sanders, Bar # 1471
P.O. Box 271
Livermore Falls, ME 04254

Date Filed __1/22/09__  _____Kennebec_____  Docket No. __AP09-03__
County

Action __Petition for Review__
80C

J. JABAR

Strong Green Energy, LLC  vs.  Geneva Wood Fuels, LLC

| Plaintiff's Attorney | Defendant's Attorney |
|---|---|
| Stephean Chute, Esq.<br>P.O. Box 707<br>South Casco, Maine  04077 | Gerald D. Reid, AAG<br>6 State House Station<br>Augusta, ME  04333-0006<br><br>David Sanders, Esq.  (Geneva)<br>Two Pine Avenue<br>PO Box 271<br>Livermore Falls, Maine 04254 |

| Date of Entry | |
|---|---|
| 1/22/09 | Petition for Review, filed. s/Chute, Esq. |
| 2/18/09 | Certification of Record, Index to Record, and Administrative Record,<br>filed 2/17/09.  s/Reid, AAG |
| 2/19/09 | **NOTICE AND BRIEFING SCHEDULE ISSUED.**<br>Copies mailed to attys. of record. |
| 2/23/09 | Motion to Coduct Discovery and Take Additional Evidence, filed. s/Chute, Esq<br>Service List, filed. s/Chute, Esq.<br>Proposed Order, filed. |
| 3/3/09 | Certificate of Service, filed. s/Chute, Esq. |
| 3/11/09 | Objection to Motion for Enlargement, Motion to Strike as Untimely, filed.<br>s/Chute, Esq.<br>Certificate of Service, filed. |
| 3/11/09 | Geneva Wood Fuels, LLC's Motion for Enlargement of Time to File Appearance<br>and to Accept Appratance or, in the Alternative, for Order That Filing of<br>Written Appearance is Unnecessary, filed. s/Sanders, Esq.<br>Proposed Order, filed.<br>Written Appearance of Geneva Wood Fuels, LLC, filed. s/Sanders, Esq. |
| 3/12/09 | Memorandum in Opposition to Motion to Conduct Discovery and Take Additional<br>Evidence, filed. s/Reid, AAG |
| 3/16/09 | Geneva Wood Fuels, LLC's Memorandum in Response to Petitioner's Motion to<br>Conduct Discovery and Take additional Evidence, filed. s/Sanders, Esq. |
| 3/18/09 | Motion to Strike Objection, filed. s/Chute, Esq.<br>Proposed Order, filed.<br>Service List, filed.<br><br>Objection to Motion for Sanctions, filed. s/Chute, Esq.<br>Service List, filed.<br><br>Reply, filed. s/Chute, Esq.<br>Service List, filed. |

| Date of Entry | Docket No. _____ |
|---|---|
| 3/19/09 | Geneva Wood Fuels, LLC's Reply to Appellant's Objection to Motion for Enlargement/Motion to Strike as Untimely, filed. s/Sanders, Esq. |
| 3/25/09 | Geneva Wood Fuels, LLC's Response to Strong Green Energy, LLC's Motion to Stike Objection, filed. s/Sanders, Esq. |
| 3/26/09 | Respondent Board of Environmental Protection's Memorandum in Support of Geneva Wood Fuels' Motion for Enlargment of Time to File an Appearance and in Opposition to Strong Green Energy's Motion to Strike, filed. s/Reid, Esq. |
| 4/2/09 | Reply to Memorandum and Motion to Strike, filed. s/Chute, Esq.<br>Service List, filed. s/Chute, Esq.<br><br>Notice of setting for 7/9/09<br>sent to attorneys of record. |
| 7/9/09 | Hearing held with Hon. Justice Joseph Jabar, presiding.<br>Stephean Chute, Esq. for the Petitioner and Gerald Reid, AAG for the Respondent.<br>Oral arguments made to the court. Court to take matter under advisement. |
| 7/17/09 | DECISION AND ORDER, Jabar, J.<br>Petitioner's motion to conduct discovery and present additional evidence is DENIED.<br>Copies to attys. of record<br>Copies to repositories |